Lake, Ch. J.
The main question in this case, is whether of not the tax deed offered in evidence by the defendants in the court below should have been excluded from the jury.- This deed was the corner stone of the defense, and if we shall hold it to have been rightly excluded, all of the remaining testimony offered by the defendants was immaterial, and there was no error in excluding this also. It appears that the taxes were levied, the sale made, and the tax deed executed, under the provisions of the revenue law of February 15, 1861, which act, in substantially the same form, was re-enacted in the revision of 1866; at least all of the provisions bearing at all upon the question now under consideration were left unchanged by the revision. Under this act the form of a tax deed was given. This form has been continued, through all the changes which our revenue system has undergone, to the present time. Its execution, also, by the county treasurer, and its attestation “ by the county clerk, with the coxmlnj seal,” were all required, precisely the same as under the law now in force. The act as originally passed, also provided, “ that such deed shall be conclusive evidence of the truth of all the facts therein recited, with the exception of the fact that the payment of taxes for which the lands named therein were sold, had not been made by or on behalf of the proper owner of such lands in clue time, and to the proper officer,” of which last mentioned fact, it was declared to be merely prima facie evidence. But when the act was carried into the revision of 1866, it was so modified in this particular as to make the entire deed prima facie evidence only, of all the facts therein recited. Neither in the original act, nor in the revision, was there any provision limiting the time within which an action should be brought to recover the possession of land sold for taxes under it. In *324 tliis particular the rights of the parties were left to the operation and control of the general limitation law, and so they have remained ever since, unless changed by the passage of the new revenue act of February 15, 1869, the 105th section of which provided that, “ any person who shall hold possession of any land, by virtue of any such tax deed, for the term of five years, shall have acquired a complete title to said land, and all persons, after the expiration of said five years, shall be debarred from commencing any action to recover possession of said lands.” It is contended by the plaintiff in error, that this section applies to all tax deeds, no matter whether they were executed under the act of 1869, or some prior act. But we are unable to adopt this view. The language employed seems to forbid such a construction. The words, “by vvrt-ue of any such deed,” evidently refer back to deeds which had been before specified in that act — to those provided for in section 68. Had it been intended to apply to deeds executed under former acts, as well as this one, the language would most likely have been, any tax deed, which is the usual and proper mode of expressing the idea contended for by the plaintiffs in error. "We think the word “ sueli” was here used in a descriptive, and also in a restrictive sense, and requires not only that the deed shall be executed as provided in the act of 1869, but also, that it must have been executed under the authority of that particular act. This view derives strength from the evident policy of our legislation, from time to time, both before and since the passage of this act, on the subject of revenue, which has generally been to abstain'from any interference with rights, either lost or acquired, under former legislation. A reference to the amendment of this identical section, passed June 6, 1871, will show, that its operation is now, in express terms, limited to rights acquii’ed under this act. Session Laws of 1871, $age 82, See. 2.
*325 We conclude, therefore, that the plaintiffs in error cannot resort to the limitation provided in Sec. 105 of the act of 1869, to make up for defects in the sale under which they claim this land; and even if they could do so, we are of opinion that the deed, under which they claim, must conform, substantially, to the requirements of the statute, or it would not he entitled to go in evidence to the jury. The deed, in this case, was fatally defective; as proof, either of á valid sale, or for the purpose of laying the foundation of a claim under section 105 of the act of 1869, in consequence of the omission of the seal of the county in its authentication. This is a positive requirement of the statute, and is just as necessary to the validity of a tax deed, as is the acknowledgment thereof by the county treasurer.
It was insisted quite strenuously on the argument, by counsel for the plaintiffs in error, that, even although the deed should be adjudged void, yet it was admissible as, at least a colorable title, for the purpose of showing that their possession was under a claim of right. Such is doubtless the rule applicable to cases falling within the general limitation act, where exclusive adverse possession, in hostility to the owner of the fee, is all that is required. But this rule cannot be invoked in a case where, like the one we are now considering, the statute requires the possession to be not only hostile to the true owner of the land, but also under a particular description of sale, which must he evidenced by a deed, the essential and necessary ingredients of which are definitely prescribed.
The supreme court of Kansas, in giving construction to a statute similar to our own on this subject, save that it in terms applied generally to “ lands sold for taxes,” used this language: “It is only where a tax deed is good j'prima facie, and when, on account of some irregularity in the tax proceedings, the deed is void, or more *326 properly speaking is voidable if attacked, that tlie statute of limitations can apply.” Bowman v. Cockrill, 6 Kansas, 339.
And this is the rule, substantially, which we should feel bound to apply in this case if the limitation in the act of 1869 were held to relate to sales under former acts. As the plaintiffs in error seek the aid of the special limitation provided for certain purchasers at tax sales, in order to obtain it,' they must bring themselves clearly within its operation. Their deed should conform, substantially, to the requirements of the statute, and be, at least prima facie, valid.
For these reasons, and especially because the act of 1869 conferred no additional rights upon the plaintiffs in error, we are of opinion that said deed was properly rejected, and the judgment of the court below must be affirmed.
Judgment affirmed.