CLINTON ORCUTT, APPELLEE, V. E. E. POLSLEY ET AL., APPELLANTS.

FILED JANUARY 24, 1900. No. 9,112.

1. **Witnesses: EVIDENCE.** Witnesses should state facts, and not mere conclusions.

2. **Executions: LIST OF LIENS: CERTIFICATION: OFFICER'S SEAL.** Section 491c of the Code of Civil Procedure requires certain designated officers to certify, under their hands and official seals, the amount and character of all liens appearing of record against

real estate levied on which are prior to the lien of such levy. Some of the officers designated in said statute are by law required to have an official seal, others are not. *Held*, That it was not the intention of the legislature that such officers as are not by law required to have an official seal shall certify to such liens under an official seal, but that a certificate under the hands of such an officer is sufficient.

3. ———: ———: ———. Under a statute requiring an officer to certify to the "character" of such liens, it is sufficient if their general character be stated in such certificate.

4. Mortgage-Foreclosure: SUMMONS: INDORSEMENTS. On foreclosure of mortgage it is not necessary that the summons should have indorsed thereon the amount for which plaintiff seeks to recover, to entitle him to a deficiency judgment.

5. Conflicting Evidence: REVIEW. A finding on conflicting evidence will not be disturbed on review.

APPEAL from the district court of Douglas county. Tried below before POWELL, J. *Affirmed.*

*Lane & Murdock* and *W. A. Saunders,* for appellants.

*Charles W. Haller, contra.*

NORVAL, C. J.

This suit was commenced in the district court of Douglas county by Clinton Orcutt, against Polsley, Bingham and Homan and others, to foreclose a mortgage upon certain lots situate in the city of South Omaha. The defendants named appealed to this court from an order confirming the sale, and from a judgment rendered for a deficiency remaining after applying such proceeds of such sale to the payment of the amount found due on the debt. The summons was indorsed only, "Foreclosure of mortgage." On the appraisement of the property sold, the sum of about $800 was deducted from its appraised value, on account of delinquent taxes, a large part of which are claimed by defendants to be invalid local improvement assessments. The property sold for two-thirds of the appraised value, after deducting the amount of said taxes. The principal errors urged by said Polsley, Bingham and Homan are, the deducting by the appraisers

from the value of said real estate the amount of said taxes, and the rendering of the deficiency judgment under the summons so indorsed. It is further urged that the appraisement of said real estate was far below its fair market value.

As to the first objection, we would say that we fail to find any evidence of record which in any manner tends to establish the fact that any of the taxes so deducted were assessments for local improvements, either valid or invalid. The certificate of the county treasurer characterizes them merely as delinquent taxes for certain years. An affidavit is on file, to which this court is referred as containing evidence that certain local improvement assessments were by the county treasurer included in the amount of taxes designated in said certificate; but, without discussing the proposition whether a matter of record can be established by the mere affidavit of a person who has examined such record, we are convinced, on a careful reading of this affidavit, that it consists of conclusions wholly, which must be disregarded, and that the only evidence of record touching the character of these liens is the certificate of the county treasurer.

The sufficiency of this certificate is, however, questioned by said defendants, on the ground that it is not made under the official seal of the county treasurer, they claiming that it is so required to be made by the statute. It is true that section 491c of the Code of Civil Procedure does require the county clerk, the clerk of the district court, the county treasurer and the treasurer of the village or the city wherein real estate sold under legal process is situate to certify, under their hands and official seals, the amount and character of all liens existing thereon, which are prior to the lien sought to be foreclosed, as the same may appear of record in their respective offices. It will be noted that some of the officers named in the statute are required by law to have an official seal, while others are not so required. It would seem to be a very reasonable interpretation of the stat-

ute to construe it, which we do, as being the intention of the legislature that such officers mentioned therein as the law required to have an official seal should certify under seal, while those whom the law does not require to have a seal should certify under their hands only, as was done by the treasurer in this instance. It is not presumed that the legislature intended that an officer should do what it is impossible for him to perform. Therefore, the manner of certifying to these liens by the county treasurer was correct, and constituted no error.

It is also urged that said certificate fails to satisfy the aforesaid statute, in that the character of the lien is stated only generally, as, taxes or delinquent taxes for certain years, stating the amount of such taxes for each year. We think that it is sufficient to state their character, as was done in this instance, as that they were for taxes for certain years, and we fail to find any error in the treasurer's certificate in that respect.

It is further objected that the court below erred in rendering a deficiency judgment against the makers of the mortgage, for the reason that the summons was indorsed only "Foreclosure of mortgage," and that no indorsement of the amount for which plaintiff sought to take judgment appeared on said summons. This was not an action for the recovery of money only, and the summons was, therefore, not deficient because it contained no indorsement of the amount sought to be recovered.

It is further contended that the property sold was appraised at less than its fair market value. There are on file affidavits of persons who testified to a higher value than that fixed by the appraisers, also affidavits of others who testified to a lower value, and we are not disposed to disturb the finding of the lower court in favor of the appraisement on evidence thus conflicting. We find no error in the record, and the judgment of the lower court is, therefore,

AFFIRMED.