ELEANOR F. YOUNG, APPELLEE, V. ORLANDO S. WOOD ET AL.,
APPELLANTS.

FILED DECEMBER 18, 1901. No. 10,838.

1. **Taxes: LIEN: FORECLOSURE: APPRAISEMENT: OFFICIAL CERTIFICATE.**
   Where, for the purpose of appraising real estate to be sold in
   foreclosure proceedings, an application is made to the county
   and city treasurers for the amount of taxes which are liens
   against the property assessed, and it is certified by such officers
   that there are no unpaid taxes or unredeemed tax sales, except
   for certain years, naming them and the aggregate amount of
   taxes, this is equivalent to certifying that such taxes were un-
   paid and constituted a lien on the land, and was sufficient evi-
   dence to authorize the appraisers to deduct the amount thus
   certified to from the gross appraisement of the land.

2. **Lien: LEVY: APPRAISEMENT: OFFICIAL CERTIFICATE: SEAL.** Section
   491c of the Code of Civil Procedure requires certain designated
   officers to certify, under their hands and official seals, the
   amount and character of all liens appearing of record against
   real estate levied on, which are prior to the lien of such levy.
   Some of the officers designated in said statute are by law re-
   quired to have an official seal; others are not. *Held,* That it was
   not the intention of the legislature that such officers as are
   not by law required to have an official seal shall certify to such
   liens under an official seal, but that a certificate under the hand
   of such an officer is sufficient. *Orcutt v. Polsley,* 59 Nebr., 575.

3. **Tax Lien: CERTIFICATE: JUDICIAL SALE: APPRAISEMENT: REVIEW.**
   Harmless irregularities in certifying to tax liens against prop-
   erty appraised for judicial sale, not prejudicial to the rights
   of the party complaining, are not sufficient ground to set aside
   a judicial sale.

4. **Deputy Sheriff: APPRAISEMENT: HAS AUTHORITY OF HIS PRINCIPAL.**
   A deputy sheriff may assist in the appraisement of lands sold
   under an order of sale issued in pursuance of a decree of fore-
   closure addressed to the sheriff, conduct the sale, or do any
   other act thereunder required of or which might be performed
   by his principal in the execution of the mandate of the court.

5. **Foreclosure: CONFIRMATION: ORDER OF SALE: RETURN.** A fore-
   closure sale should be confirmed, notwithstanding the order of
   sale issued by the clerk of the district court to the sheriff or
   other officer, directing him to execute the decrees, be returned
   more than sixty days from its date. *Amoskeag Savings Bank v.
   Robbins,* 53 Nebr., 776.

6. **Foreclosure: ORDER OF SALE: DECREE: SHERIFF'S AUTHORITY.** In

an action to foreclose a real estate mortgage the sheriff's authority to sell the mortgaged property is derived from the decree of foreclosure, and not from the order of sale issued by the clerk of the court. *Passumpsic Savings Bank v. Maulick,* 60 Nebr., 469.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*Holmes & Morgan,* for appellants.

*E. G. McGilton, contra.*

HOLCOMB, J.

Motion was offered to have set aside an appraisement made for the purpose of a judicial sale of real estate under a decree of foreclosure, as was also an objection to confirmation, and overruled, from which the defendant appeals. The grounds of the motion and the objection will be noticed in the order argued in appellants' brief.

The certificates of the county and the city treasurers as to tax liens are objected to because of the form thereof. Application was made for a certificate showing all existing liens against the property as shown by the records of the office to which addressed. The county treasurer, in response to the application made to him, certified that there were no unpaid taxes or unredeemed tax sales, except—then follows a description of the property, the different years for which taxes were due, and the aggregate of the unpaid taxes. This was equivalent to saying that the taxes levied against the land described in the certificate for the years mentioned were not paid, and was sufficient evidence to authorize the appraisers to deduct the amount thus mentioned from the gross appraisement of the land as a prior incumbrance thereon.

It is also contended that the certificates thus made are invalid and of no force because no seal of the county or city treasurer was attached thereto. But this is not required by an officer who has not been provided by law with a seal of his office. *Orcutt v. Polsley,* 59 Nebr., 575.

Objection is also made because the county treasurer certified to the aggregate sum due for taxes for different years, instead of giving the amounts due for each of the years covered by the certificate. No claim is made of any error or mistake in the amount actually due and we fail to perceive how any of the landowners' substantial rights were affected. The only question that could be involved is whether the amount deducted for taxes was greater than was in fact due. Prejudicial error does not affirmatively appear, and the objection for that reason is without merit. *Tillson v. Benschoter*, 55 Nebr., 443.

It is also contended that the record shows that the sheriff, John McDonald, personally summoned and administered the oath to the appraisers, while the appraisement shows they were summoned and sworn by Geo. Hill, deputy sheriff. The proceedings had, as disclosed by the record when considered together and in connection with the officer's return, reveal that the deputy sheriff mentioned was acting in the place of and for the sheriff, and did all the acts required to be done in the name of the sheriff, by and in virtue of his office as deputy sheriff. What we have said on this point at the present sitting in the case of *Richardson v. Hahn*, 63 Nebr., 294, applies with equal pertinency to the case at bar, and will not further be dilated on. The contention is not well grounded.

Lastly, it is urged that the sale was improperly made and confirmed because the order of sale was not returned within sixty days, as is required when real property is sold under a general execution. But this is not required, as we have repeatedly held, when the authority of the officer to act is grounded on a decree directing the sale of the property found to be subject to a lien established by such decree, and for the satisfaction of which the property is ordered by the court to be sold "as upon execution." The latter words refer to the method of making the sale, and not the time in which the sheriff is to execute the decree of the court. *Amoskeag Savings Bank v. Robbins*, 53 Nebr., 776. The authority to sell is derived from the de-

cree of foreclosure, and not from the order of sale issued by the clerk of the court. *Passumpsic Savings Bank v. Maulick,* 60 Nebr., 469. The sheriff was acting as the agent of the court, and it was unnecessary for the clerk to issue any formal order of sale. *Bristol Savings Bank v. Field,* 57 Nebr., 670; *McKinley-Lanning Loan & Trust Co. v. Hamer,* 52 Nebr., 709.

The rulings made by the trial court of which complaint is made are accordingly

AFFIRMED.