[No. 5088. Decided April 28, 1905.]

WILLIAM F. LUFF, *Respondent*, v. RICHARD GOWAN *et al.*, *Appellants.*[1]

TAXATION—FORECLOSURE OF LIEN—SUMMONS—SUFFICIENCY. A summons in a tax foreclosure proceeding, substantially complying with the law, is not void because it contains surplus statements.

Appeal from a judgment of the superior court for Kittitas county, Rudkin, J., entered September 1, 1903, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Richard Gowan*, for appellants.

*Eugene E. Wager*, for respondent.

MOUNT, C. J.—Respondent brought this action in the superior court of Kittitas county, to quiet title to lot 3, and the east half of lot 2, in block 55, of Shoudy's Second Addition to Ellensburg. The complaint alleges, that the respondent acquired title to the real estate by purchase from Kittitas county; that said county acquired title by

[1]Reported in 80 Pac. 766.

foreclosure of certain certificates for delinquent taxes for the years 1891-2-3-4-5; that these certificates were issued to the county in the year 1898, and on the 25th day of October, 1901, said county brought an action to foreclose the same, and thereafter the property was sold under decree of foreclosure, and the county became the purchaser at such sale. The answer of appellants denied all the allegations of the complaint, and alleged that, if the said property was sold for delinquent taxes, such sale was void, because the court ordering the same was without jurisdiction, for the reason that no notice of the said proceedings was ever served upon defendants, or either of them. Upon these issues, the case was tried to the court, and findings and a decree were entered in favor of plaintiff. The defendants appeal.

Numerous errors are assigned in the brief, based upon alleged irregularity in the tax foreclosure proceedings. The record of those proceedings was offered and received in evidence in the trial of this case. It is said in appellants' brief:

"The summons or notice in the tax foreclosure suit should not have been admitted in evidence because it is not such notice as is provided by law for the following reasons, to wit: (1) The delinquent property owners who are known are not made co-defendants therein. (2) Defendants are required to appear within sixty days after the 26th day of October, 1901. (3) Summons says, 'appear and answer complaint,' when no complaint had been filed," etc.

Appellants do not point out how any of these or other alleged defects would render the summons void. We have examined the summons in the record, and it appears to contain all that is required by Laws 1901, p. 383, §§ 96 and 98, and to be in conformity therewith. There are,

possibly, some surplus statements in the summons, but such statements would not render the summons void, where it was sufficient in all respects without such statements. The summons appears to have been served by publication, substantially in compliance with the law in force at the time, and appears to us to have been sufficient to give the court jurisdiction of the property of the appellants.

The principal questions relied upon in this appeal were considered by this court in *Washington Timber & Loan Co. v. Smith,* 34 Wash. 625, 76 Pac. 267, and *Spokane Falls etc. R. Co. v. Abitz,* 38 Wash. 8, 80 Pac. 192, and decided adversely to appellants. It is useless to discuss them further.

The judgment appealed from is affirmed.

FULLERTON, HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.