[No. 6396.  Decided January 2, 1907.]

JOHN STOCKAND et al., Appellants, v. IRA HALL et al., Respondents.[1]

TAXATION—DEED—VALIDITY—OFFICIAL SEAL.  A tax deed is valid without any official seal of the county treasurer's office, when none had been provided for or used by the office.

Appeal from a judgment of the superior court for Jefferson county, Hatch, J., entered April 9, 1906, dismissing an action to recover possession of real estate sold for taxes, after a trial before the court without a jury. Reversed.

U. D. Gnagey, for appellants.

Trumbull & Trumbull, for respondents.

PER CURIAM.—This action was brought to recover possession of certain real estate. The complaint alleged that the

[1]Reported in 88 Pac. 123.

plaintiffs were the owners and entitled to the immediate pos-
session of the premises.   Title was not deraigned by the com-
plaint.   The defendants answered separately, and denied the
allegations of the complaint.   The cause was tried to the
court without a jury.   On the trial, the plaintiffs claimed
title by reason of a certain tax foreclosure sale.   The record
of the foreclosure proceedings was received in evidence, but
the court excluded the deed executed by the county treasurer,
on the ground that the deed was void because the seal used
thereon was not an official seal.   Other evidence was offered
by the plaintiffs, to the effect that the seal used was the only
one in possession of the county treasurer, and was used as
his official seal; but this evidence was rejected as immaterial.
The plaintiffs offered no other evidence of title.   Defendants
offered no evidence.   The court thereupon dismissed the ac-
tion.

The only question necessary to be considered is the validity
of the seal used upon the deed made by the county treasurer.
This question was considered at length in *Spokane Terminal
Co. v. Stanford,* 44 Wash. 45, 87 Pac. 37, where we held
that a deed, similar in all respects to the one in this case,
was a valid deed and competent to be received in evidence.
Nothing need be added to what is there said upon the ques-
tion.   The trial court was, therefore, in error in excluding the
deed offered.

The judgment must be reversed, and the cause remanded
for further proceedings.