[No. 6278.   Decided March 19, 1907.]

THE STATE OF WASHINGTON, *On the Relation of J. C. Heath, Respondent,* v. C. A. OLSON *et al., Appellants.*[1]

TAXATION—DEED—VALIDITY—OFFICIAL SEAL.  A tax deed is valid without any official seal of the county treasurer's office, when none had been provided for or used by the office.

Appeal from a judgment of the superior court for Jefferson county, Hatch, J., entered May 7, 1906, granting to the relator a writ of mandate to compel a county treasurer to accept a tender of taxes and allow a redemption from a foreclosure sale.   Reversed.

*A. W. Buddress,* for appellants.

*J. A. Ralston* and *Blaine, Tucker & Hyland* (*Aubrey Levy,* of counsel), for respondent.

*Trumbull & Trumbull* and *Coleman & Ballinger,* as *Amici Curiae.*

[1]Reported in 89 Pac. 151.

PER CURIAM.—In pursuance of a decree entered in the superior court of Jefferson county foreclosing a tax lien, the county treasurer sold to that county certain lots in the city of Port Townsend, executing under his hand and seal a deed to the county for the same. Afterwards the county sold the land to the appellant Olson. Later the relator applied to the county treasurer to redeem the lots from the sale, tendering the amount of the taxes with interest. The application was denied, whereupon he applied to the superior court of Jefferson county for a writ of mandate compelling the treasurer to accept the tender and allow a redemption, joining Olson as a party thereto. The superior court granted the writ, and Olson and the treasurer appeal.

The trial court granted the writ on the ground that the deed from the county treasurer to the county of Jefferson was void because not authorized by statute; the argument being that inasmuch as the legislature had provided that the county treasurer should execute to the purchaser of land sold for taxes a tax deed "under the official seal of his office" and had failed to provide him with an official seal, he could not execute a valid deed. This question, however, was determined to the contrary by this court in *Spokane Terminal Co. v. Stanford,* 44 Wash. 45, 87 Pac. 37, and *Stockand v. Hall, ante* p. 197, 88 Pac. 123. These cases are controlling here, and, as no other question is presented, it follows that the judgment appealed from must be reversed and the cause remanded with instructions to dismiss the proceedings. It is so ordered.