[No. 8209.   Department Two.   November 24, 1909.]

MARCELLUS LARA, *Respondent*, v. JOHN E. PETERSON *et al.*, *Appellants*.[1]

TAXATION—DECREE AND DEED—DEFINITENESS—DESCRIPTION—LIB-ERAL CONSTRUCTION.  A description in a tax foreclosure and deed of a lot "less west two feet," where the boundary lines varied about twelve degrees from due north and south, is a sufficiently definite description of the lot, less two feet cut off by a north and south line, measured from the most westerly point of the lot, under a liberal construction of the provision of Laws 1899, p. 301, requiring the sale of land for taxes to be made by selling a portion off the east side of the tract, determined by "a line drawn due north and south far enough west of the eastern point of the tract to make the requisite quantity."

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 8, 1909, upon findings in favor of the plaintiff, in an action of ejectment, after a trial before the court without a jury.   Reversed.

*Wright & Kelleher* and *Chas. P. Harris*, for appellants.

*John G. Barnes*, for respondent.

DUNBAR, J.—This is an action in ejectment, to secure possession of lots 1 to 5, inclusive, and 7 to 28, inclusive, all in block 7, of Maple Grove Park Subdivision of East Seattle, King county, Washington.   The complaint alleges that the plaintiff is the owner of said land, describing it; that the defendants are in possession and claiming title by virtue of three certain deeds of conveyance made to the defendant John E. Peterson, by the county treasurer of King county, state of Washington, purporting to have been executed on

[1]Reported in 105 Pac. 160.

account of sales in tax foreclosure proceedings, which deeds, it is alleged, are wholly void as far as the above described property is concerned, and that they constitute a cloud upon plaintiff's title; alleges payment of taxes, demands, etc.; and prays judgment that plaintiff is the owner in fee simple of the land described and entitled to the immediate possession thereof, that the deeds be declared null and void, that plaintiff be permitted to redeem from said tax sale by paying to defendants all taxes, penalties, interest, and costs, etc., and that his title to said lands be declared free and clear of any claims of the defendants or either of them, and for general relief.

To this complaint the defendants interposed a general demurrer, which was overruled. Answering, the defendants denied ownership in the plaintiff, and that the possession of defendants was wrongful, and alleged that on the 16th day of October, 1903, in a certain cause pending, judgment was duly and regularly rendered foreclosing certain tax liens on the property described in the complaint, and ordering the sale thereof; that, pursuant to an order of sale duly and regularly issued by said court pursuant to said judgment, the lots in question were sold to the defendants; that the defendants complied with the laws of the state of Washington necessary to entitle them to a deed for said real estate, and that on the 23d day of November, the treasurer of King county duly and regularly issued to defendant John E. Peterson three tax deeds, conveying all of the last described property to the said defendant; alleging the validity of the deeds, and alleging other defenses which from the view we take of the main question in the case, viz., as to the sufficiency of the description, it is not necessary to set forth or discuss in this opinion. Upon trial the court found that the description in the deed was insufficient to convey right or title to the defendant, and judgment was rendered in favor of the plaintiff as prayed for. So that the material question to be decided here is, was the description in the deeds

from the county treasurer to the defendant sufficient to convey title.

The description was as follows: "Lot 1, less the west two feet, and lot 2, less west two feet," and so on for each of the twenty-eight lots comprising block 7, Maple Grove Park Subdivision of East Seattle, excepting lot 6, in which case the bid was for the whole lot, the number of feet varying from less the west one foot in the case of lot 3, to less the west sixty-one feet in the case of lot 28. The deeds from the treasurer described the property sold and conveyed in the same language as that in which the bids were made. The lower court decided that, on account of the fact that the boundary lines of the lots varied from due north and south, the deeds were void for indefiniteness of description, the variation being about twelve degrees.

It is said by the supreme court of the United States in the case of *Turpin v. Lemon*, 187 U. S. 51, 23 Sup. Ct. 20, 47 L. Ed. 70. "Laws for the collection and assessment of general taxes stand upon a somewhat different footing and are construed with the utmost liberality;" and this court in passing upon this question in *Mills v. Thurston County*, 16 Wash. 378, 47 Pac. 759, said:

"But it is evident that, if the statute is to receive such a literal construction, it would serve little, or no purpose. While there is some conflict in the authorities as to whether revenue statutes should be given a liberal or strict construction, it seems to us that the better rule is that they should receive a fair construction . . ."

In *Spokane Terminal Co. v. Stanford*, 44 Wash. 45, 87 Pac. 37, this court said: ". . . and we see no reason now for departing from the rule thus stated. A fair construction should be given to any law, whether it be a law in relation to the collection of taxes or not." It was also said by this court in *Ontario Land Co. v. Yordy*, 44 Wash. 239, 87 Pac. 257, that a description in a deed or other instrument affecting title to real estate is sufficient if it affords an intelligent

means for identifying the property, and does not mislead. Without further citation of authorities, which almost universally are along the same line of thought—and especially modern authorities—we think the description in these deeds was sufficient, and that it plainly appears that the intention was to deed to the defendant lot 1 less two feet along the west side of the lot, and so with the other lots described, and that there would have been no difficulty in the purchaser or any one else determining the land sold and the land reserved from the sale in that lot.

This is conceded by the respondent, but he is asking for a strict construction of the statute, and claims that, under the literal terms of the statute, the deeds are indefinite. That portion of the statute relating to revenue and taxation in force and applicable to the case at bar is as follows:

"The person at such sale offering to pay the amount due on each tract or lot for the least quantity thereof shall be the purchaser of such quantity which shall be taken from the east side of such tract or lot, and the remainder thereof shall be discharged from the lien. In determining such piece or parcel of such tract or lot, a line is to be drawn due north and south, far enough west of the eastern point of tract to make the requisite quantity." Laws 1899, p. 301.

It is claimed here that, if the line were drawn due north where the variation is twelve degrees, it would not describe the property intended to be sold, and that consequently the deeds are void for want of definiteness of description. The strict letter of the law lends support to this contention, but regard for the letter of the law to the exclusion of its spirit has not been dominant from the days of the Divine Lawgiver down to the present time; and this law, taken as a whole, when construed with reference to its plain intent, will not bear the strict construction placed upon it by the respondent. The office of a description is not to identify the land, but to furnish the means of identification, and a deed will not be declared void if the land can with any reasonable degree of

certainty be identified from the description aided by extrinsic evidence. As suggested by the attorney for appellants, it can make no difference whether the description reads for a certain number of feet on the eastern part of the lot or for the entire lot less a certain number of feet on the west side. The point of beginning for measuring the amount sold or the amount excepted is from the most easterly or most westerly point, and when such distance is measured off, the boundary line is run due north and south. In this manner the exact amount of land either sold or reserved can be determined.

The judgment will be reversed with instructions to enter judgment for defendants.

RUDKIN, C. J., CROW, MOUNT, and PARKER, JJ., concur.