KEYSTONE MANUFACTURING COMPANY v. O. H. HOWE.[1]

May 8, 1903.

Nos. 13,520—(170).

**Foreign Corporations.**

Laws 1899, c. 69, making it unlawful for foreign corporations to do business in this state without first complying with its requirements, has no application to the contracts of such corporations entered into before its enactment.

Action in the district court for Renville county by plaintiff, the manufacturer and vendor of a corn husker, to recover from defendant $138.13, commission received and retained by defendant as plaintiff's agent upon the sale thereof, such sale having subsequently been rescinded for breach of warranty. The case was tried before Powers, J., who directed a verdict in favor of plaintiff

[1] Reported in 94 N. W. 723.

for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Daly & Barnard*, for appellant.

*George S. Grimes*, for respondent.

COLLINS, J.

By the terms of a contract between plaintiff, a corporation, and defendant, entered into in January, 1899, the defendant was appointed agent to sell corn huskers manufactured by plaintiff, and, as compensation, was to receive certain commissions upon such sales. It was also agreed that, in case any of the articles sold should be returned by the purchasers to plaintiff, no commission should be allowed defendant on account of such sales; and, if commissions had been paid prior to a return of the articles, the amount was to be returned by defendant to plaintiff. In March of that year defendant sold and delivered one of these corn huskers to certain parties. He received the purchase price of the machine, and re tained the amount of his commission as agreed upon, remitting the balance to plaintiff. On or before December of the same year, and after Laws 1899, p. 68 (c. 69), went into effect, July 1, 1899, the husker was returned to the plaintiff because of an alleged breach of warranty. This action was subsequently brought to recover of the defendant the amount of commission for this machine received and retained by him, as before stated.

It is admitted that the plaintiff, a foreign corporation, has not complied with the provisions of chapter 69, supra, and this fact was interposed as a defense in this action. It is also conceded that the cause of action accrued out of a perfectly lawful transaction—a contract and a sale thereunder made before the law of 1899 went into effect. It did not grow out of any business which this plaintiff was transacting in disregard of the statute. Construing this statute, it was held in G. Heileman Brewing Co. v. Peimeisl, 85 Minn. 121, 88 N. W. 441, that an action could not be maintained in the courts of this state upon any contract or demand growing out of business transacted by a foreign corporation in disregard of its provisions. It has been uniformly decided elsewhere that a statute making it unlawful for foreign corporations

to do business in a state without first complying with its requirements has no application to contracts of such corporation made before the enactment of the law. 13 Am. & Eng. Enc. (2d Ed.) 881, and cases cited. The reason for this rule is perfectly plain. A law which expressly or by implication takes away, abolishes, diminishes, suspends, or destroys the obligation of a contract, by repealing or abolishing the remedy thereon, is a clear invasion of constitutional rights. Therefore Laws 1899, c. 69, making it unlawful for foreign corporations to do business in this state without first complying with its requirements, has no application to the contracts of such corporations entered into before its enactment.

Order affirmed.