## GEORGE W. DOWNING v. J. D. LUCY and Others.[1]

May 2, 1913.

Nos. 18,048—(30).

**Notice of expiration of redemption from tax sale.**

1. Section 956, R. L. 1905, requiring the county auditor, "under his hand and official seal," to issue notices of expiration of redemption from tax sales, *held* mandatory, and a failure to affix to such a notice the auditor's official seal fatal to the validity of the notice.

**Same — statute construed.**

2. Chapter 271, Laws 1905, limiting the time within which notice of expiration of redemption from tax sales may be given, and requiring the certificate of sale to be recorded within the time there prescribed, in default of which the certificate shall be invalid for any purpose, construed, and *held*, that a failure of a certificate holder to comply with the statute does not extinguish the tax lien.

**No repeal by implication.**

3. Chapter 271, above mentioned, contains no clause repealing or modifying prior statutes upon the subject of the tax lien, and it is *held* that sections 942, 969, 972, 975, and 981, R. L. 1905, were not thereby repealed by implication.

**Perpetual tax lien transferred to tax title holder.**

4. The perpetual tax lien created by section 975, R. L. 1905, where for any

[1] Reported in 141 N. W. 183.

cause the title held by a purchaser at the tax sale proves invalid, is by force of section 942 transferred to the tax title holder, and he may enforce the same, notwithstanding his failure to perfect title under chapter 271, Laws. 1905.

**Case distinguished.**

    5. Byers v. Minnesota Commercial Loan Co. 118 Minn. 266, distinguished.

Action in the district court for Otter Tail county to determine adverse claims to vacant and unoccupied land. Defendant Foster answered separately and alleged that he was the owner in fee simple of part of the land and prayed that the plaintiff and all the other defendants be decreed to have no title or interest in the same. The case was tried before Nye, J., who made findings and ordered judgment in favor of defendant Foster, subject to the lien of plaintiff for certain taxes and penalties amounting to $149.67, and ordered that the land be sold by the sheriff to satisfy the lien. From the judgment entered pursuant to the order for judgment, defendant Foster appealed. Affirmed.

*William G. White,* for appellant.

*M. F. Field,* for respondent.

BROWN, C. J.

This action was brought to determine adverse claims to the real property described in the complaint. Defendant Foster alone answered. After trial before the court without a jury, judgment was ordered and entered as hereinafter stated, and defendant Foster appealed.

The facts are as follows: Plaintiff based his alleged ownership of the land upon two tax certificates, one issued in 1902 in proceedings to enforce the payment of delinquent taxes for the year 1900, and one issued in 1904, in proceedings to enforce the payment of delinquent taxes for the year 1902. Defendant Foster is the holder of the patent title to the land, and also holds a certificate of tax sale issued in 1905, in proceedings to enforce the payment of delinquent taxes for the year 1903. The trial court found as a fact that the "two tax titles under which plaintiff claims to be the owner of the land * * * are each of them invalid for reasons other than that said land was not subject to taxation, or that the taxes upon which

said alleged titles are based had been paid prior to the said tax sales, or that the assessment or levy thereof was void." The court further found that plaintiff had actually paid out in behalf of his said alleged tax titles and the certificates upon which the claim of ownership of the land was founded, by way of taxes, penalties, interest, and costs, including interest at 12 per cent per annum from the date of payment, the total sum of $149.67. The court also found that defendant Foster was the owner of the land and that he was entitled to judgment confirming his title, subject to a lien thereon in favor of plaintiff for the sum of $149.67, as and for the taxes, penalties, interest, and costs, paid by plaintiff for the tax certificates, which the court found to be invalid. Judgment was ordered accordingly, was subsequently entered, and defendant appealed.

1. The findings of the court do not state the basis of defendant's ownership of the land. That he holds the patent title is not disputed. The record, however, discloses that he not only claimed the patent title, but also a tax title subsequent in point of time to plaintiff's tax titles, and he contends, on this appeal, that his tax title was valid, and effectually extinguished all claims of plaintiff's under his prior title, and therefore that the court below erred in awarding to plaintiff a lien for the amount of the taxes represented by his tax certificates. It appears that defendant's tax certificate was issued upon a valid tax judgment and sale, but whether it constitutes a valid title to the land, so as to extinguish prior tax titles or tax liens (State v. Camp, 79 Minn. 343, 82 N. W. 645), depends upon the question whether a valid notice of the expiration of redemption was ever given thereunder. A notice was issued by the county auditor, was duly served as required by law, and no redemption was ever made. The notice was in the form prescribed by statute, but the county auditor failed to affix thereto his official seal. This was the only defect in the notice, and the question presented is whether the absence of the seal invalidated the same. Unless we are to depart from a long line of decisions heretofore rendered touching the validity of these notices, this one must be held not a compliance with the statute, and therefore of no force or effect.

The statute upon the subject (section 956, R. L. 1905) provides

that the notice of expiration of redemption, there required to be served, shall be prepared and issued by the county auditor "under his hand and official seal." This statute, like all similar enactments, is mandatory, and must be strictly complied with. Defects in such notices of far less significance have been held to invalidate the notice. State v. Nord, 73 Minn. 1, 75 N. W. 760, 72 Am. St. 594; Kipp v. Robinson, 75 Minn. 1, 77 N. W. 414; Shine v. Olson, 110 Minn. 44, 124 N. W. 452, 19 Ann. Cas. 962; Lawton v. Baker, 105 Minn. 102, 117 N. W. 249; State v. Scott, 92 Minn. 210, 99 N. W. 799.

The purpose of the law in requiring writs and other documents issued by public officers to be attested with the official seal of the issuing officer is to authenticate the document as an official writing and as evidence of the genuineness of the signature of the officer. A majority of the courts hold that the failure to attach the official seal, where the law requires its use, invalidates the instrument. 32 Cyc. 441; Choate v. Spencer, 13 Mont. 127, 32 Pac. 651, 20 L.R.A. 424, and cases cited in the note, 40 Am. St. 425. The rule is perhaps not so exacting as to private writings. The private seal has been abolished in this state, but the' use of the official seal is still required. Chapter 45, § 2652, R. L. 1905.

In harmony with the rule stated, it has frequently been held that the failure of the issuing officer to attach his official seal to a tax deed renders the deed void and of no effect. 37 Cyc. 141; Gue v. Jones, 25 Neb. 634, 638, 41 N. W. 555; Pile v. McBratney, 15 Ill. 314; Reed v. Morse, 51 Kan. 141, 32 Pac. 900; Watson v. Jones, 85 Pa. St. 117. The opposite view was taken in Stockland v. Hall, 45 Wash. 197, 88 Pac. 123. The presence of an official seal would seem to be just as essential to the validity of a notice of expiration of redemption as to a tax deed, and if necessary to the latter is equally so as to the former. In fact the failure of an officer to affix his official seal to documents issued by him, which are required by law to be attested with such seal, has often been held by this court as fatal. De Graw v. King, 28 Minn. 118, 9 N. W. 636; 2 Notes to Minn. Cases, 188, where other decisions are cited to the same effect.

We hold, therefore, that the failure to affix the auditor's official

seal to the notice of expiration of redemption was fatal to its validity, and rendered it void and of no effect. It follows, then, that defendant has no valid tax title to the land, and the trial court was right in so deciding.

2. The second question presented is whether the trial court erred in adjudging in plaintiff's favor a lien upon the land for the amount of money invested in the certificates held by him. The court held both his titles invalid, but did not indicate upon what ground, except that the invalidity was not for a cause which would entitle plaintiff to a refundment, as that right is controlled by section 963, R. L. 1905. But it appears from the record that such invalidity arose from the failure of plaintiff to cause to be issued and served proper and legal notices of the expiration of redemption, and his failure to record his certificates of sale as required, and within the time prescribed, by chapter 271, p. 407, Laws 1905 (R. L. Supp. 1909, § 956—2). It is contended by defendant that the failure of plaintiff to comply with that statute, not only rendered the certificates of sale invalid, but also extinguished the tax lien. We do not concur in this contention. The statute provides as follows:

"No notice of the expiration of   *   *   *   redemption upon any certificate of tax judgment sale issued to an actual purchaser, or upon any state assignment certificate issued under the provisions of section 1601, of the General Statutes of 1894, shall issue or be served under the provisions of section 1654 of the General Statutes of 1894, or any other law in force at the time of the passage of this act, after the expiration of six years from the date of the tax judgment sale described in any such certificate; nor shall any such certificate be recorded in the office of any register of deeds after the expiration of seven years from the date of such sale. All such certificates upon which such notice of expiration of redemption shall not be issued and served, and such certificate recorded in the office of the proper register of deeds within the times limited by this act, shall be void and of no force or effect for any purpose whatever."

Though the question is not entirely free from doubt, we do not think this statute should be given the effect contended for by defendant. There is no question but that a failure of compliance with the

121 M.—20.

statute renders the tax certificate invalid. But from that it does not necessarily follow that such failure operates also to extinguish the tax lien. To give it that effect the court must hold that numerous sections of the General Statutes upon the subject of the tax lien and its duration were by the act of 1905 repealed by implication. If the effect of the statute contended for by defendant be correct, the legislature has, we think unwittingly, made a radical departure from the policy of long standing in this state, and has limited the tax purchaser, where the judgment and sale are valid, to the alternative of perfecting his title by terminating the right of redemption, or, in default thereof, of losing his investment. The legislature by the terms of that statute expressed no such intention, either by adding thereto a clause repealing inconsistent statutes, or otherwise. And the result suggested does not necessarily follow because of any repugnance between the old and new law. The new statute does not deal with the tax lien at all, but only with the certificate of sale, and, as we construe it, simply cuts off the right to perfect title by short foreclosure, namely, by the service of a 60 days' notice of the expiration of redemption.

It has always been the policy of this state, as that policy has found expression in statutory enactments on the subject, to protect purchasers of property at delinquent tax sales, and to provide them a method for reimbursement where their title has failed. The rights granted such purchasers prior to the year 1902 were (1) to perfect title by terminating the right of redemption; and (2) if for any reason the title failed, the right of refundment from the public treasury. These two remedies had been in existence for many years prior to the year stated, and afforded complete protection to the tax purchaser. The right of refundment was abused, as stated by Justice Jaggard in Jenks v. Henningsen, 102 Minn. 352, 354, 113 N. W. 903, and it was abolished by chapter 2, p. 1, Laws 1902, except in certain instances, and the tax lien of the state substituted in its place. The several sections of that act are embodied in R. L. 1905, to which reference will hereafter be made. The purpose of the legislature in so abolishing the right of refundment was to inaugurate a new system for the enforcement of delinquent taxes, and a different method of

protecting purchasers at tax sales. Section 942 declares that if any tax certificate shall be adjudged invalid *for any cause,* other than one for which refundment is granted, the lien of the state, "as provided in § 975, shall be transferred, without any act whatever to, and vested in, the holder of such certificate," and the certificate holder is authorized to enforce the same against the land. To understand the character of the lien thus transferred, we turn to section 975, the section of the statute referred to in the above quotation from section 942, and find that it is perpetual, and continues until the taxes are paid. Sections 969 and 972 require the court in any action wherein the tax title is adjudged invalid to declare a lien against the land in favor of the certificate holder, and to order a sale of the land to satisfy the same. Section 981 provides that "every tax judgment entered under this chapter shall be a lien, and shall operate to continue the lien of the taxes embraced therein, upon the parcel of land covered or intended to be covered thereby, until such judgment and taxes are paid in full, *anything in any other statute of this state to the contrary notwithstanding.*"

The purpose of these several statutes is obvious. They were intended for the protection, not only of the state, but the purchasers at tax sales as well. The tax lien was made perpetual, only to be discharged by a payment of the tax in full. The lien is transferred to the holder of the invalid tax title, and all rights granted the state pass to the certificate holder. He may enforce them, either in the manner pointed out by the statute, or by any other appropriate judicial remedy in foreclosure of the lien. The rights thus granted are important to the tax purchaser, and in the main the inducement to the purchase at the tax sale, and before declaring them forfeited there should be some clear legislative expression to that effect. The certificates here in question were issued prior to the passage of chapter 271, and though it was competent for the legislature subsequently to prescribe a limitation within which title thereunder may be perfected (State v. Krahmer, 105 Minn. 422, 117 N. W. 780, 21 L.R.A.(N.S.) 157), the act of 1905 contains no language indicating an intention to modify, or to in any manner interfere with, the effect and operation of prior statutes vesting in the certificate

holder the state's lien upon an adjudication of the invalidity of his tax title. To deprive the certificate holder of this lien, and extend to him only the doubtful and uncertain remedy of perfecting title by notice to redeem, would be a radical departure from the former state policy, and, if followed out, would effectually discourage, and in fact bring to an end, all tax purchases in the future. And as before suggested the court can only so declare by applying the rule of repeal by implication, for the act of 1905 contains no repealing clause.

We think the rule inapplicable. There is nothing in chapter 271 so manifestly inconsistent with the numerous prior statutory provisions upon the subject to justify its application. Neither does the later statute attempt to cover the entire subject. It treats only of the tax certificate, and of the time and manner of terminating the right of redemption thereunder. In effect it is a mere statute of limitations in one respect, and in another respect a recording act. If the legislature had intended a failure to comply with its provisions to result in the extinguishment of the tax lien, undoubtedly it would have so expressly declared. And since no such declaration is found in the act of 1905, and the rule of repeal by implication does not apply, it must be held that the tax lien survives. We find no basis, from the statute, for holding that, if an insufficient notice to redeem be given and the certificate be recorded, the right to a lien exists in favor of the certificate holder. The statute does not so read. Its language is clear that if a notice is not given, and this necessarily means a valid notice, the certificate is void. Byers v. Minnesota Commercial Loan Co. 118 Minn. 266, 136 N. W. 880. The question here considered was not involved in Foster v. Clifford, 110 Minn. 79, 124 N. W. 632. In that case, however, notice of the expiration of the time of redemption was given, was defective, and the holder was held entitled to a lien.

The Byers case, supra, relied upon by defendant is not in point. That case involved a tax certificate issued prior to the enactment of chapter 2, Laws 1902, and at a time when the holder had no right to a lien upon the adjudication of the invalidity of his title. The alternative remedy when the certificate in that case was issued was

refundment, and it was held that no right to a lien existed, because such right was not granted by the statute in force at that time. The decision there rendered, therefore, does not apply to the facts now before the court.

The result is that the certificate holder has, under our present statutes, two remedies for the protection of rights acquired by his tax purchase: (1) To perfect title by the service of a notice to redeem; and (2) when the title for any reason fails, to enforce the tax lien. The interests of the owner of the land are in no way prejudiced by this result. While the lien continues indefinitely, until the tax is paid, thus incumbering the land and clouding the title, the owner may at any time relieve the situation by paying the tax. He can in no way be misled, for the records disclose the facts, and by consulting them he may learn of the existing unpaid lien.

3. The further claim that the court below erred in declaring plaintiff's lien superior to the tax lien of defendant requires no extended mention. In the first place, the trial court, as we read the findings, did not so order or declare. Again, it is not at all probable that plaintiff will ever attempt to claim title to the land without a payment of defendant's lien. Nor is it at all likely that defendant will permit title to ripen in plaintiff under his lien. The parties will undoubtedly recognize the fact, since the time within which either may perfect title by notice to redeem has expired, that both liens must ultimately be paid by the owner of the land. They are perpetual, and continue a charge against the land until paid.

Judgment affirmed.