### NORTHERN COUNTIES LAND COMPANY v. EXCELSIOR LAND, MINING & DEVELOPMENT COMPANY AND OTHERS.

### EXCELSIOR LAND, MINING & DEVELOPMENT COMPANY, APPELLANT.[1]

June 25, 1920.

No. 21,789.

**State assignment tax certificates issued under act of 1902.**
  1. State assignment certificates issued under chapter 2, Laws 1902, were not included within the limitation of chapter 271, Laws of 1905.

**Same — act of 1915 applicable.**
  2. Chapter 77, Laws 1915, applies to all state assignment certificates.

**Same — certificate holder's contract with the state.**
  3. The provision of this statute, requiring the holder of a tax certificate to give notice of expiration of redemption and to record his certificate within seven years, does not impair the obligation of the certificate holder's contract with the state. Compliance with this law im-

[1]Reported in 178 N. W. 497.

poses the duty of paying subsequent taxes on the property, but this does not impair his contract.

### Time for recording outstanding state assignment certificates.

4. It was within the power of the legislature to shorten the time within which an outstanding certificate should be recorded, if a reasonable time was allowed for compliance before the statute became operative. Eleven months was a reasonable time.

### Computing time of seven year limitation.

5. The seven year period commenced to run from the date of the "tax judgment sale." This means the annual tax judgment sale, and not the issuance of the state assignment certificate.

### Foreign corporation — title to land not affected by act of 1899.

6. The burden of proof is upon one who asserts it, to prove that a foreign corporation has not complied with chapter 69, Laws 1899. That act did not affect the title to land owned by a foreign corporation at the time the act was passed.

Action in the district court for Cook county to determine adverse claims to certain vacant and unoccupied land. The case was tried before Freeman, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*S. H. Eckman,* for appellant.

*Arnold & Arnold,* for respondent.

HALLAM, J.

This is an action to quiet title to vacant and unoccupied land. The court found that plaintiff was the owner and that defendant had no interest therein. Defendant appeals.

Defendant has the government title. Plaintiff relies solely on a tax title based on a tax sale made May 10, 1909, for the tax of 1907. At this sale, the land was bid in for the state. On May 14, 1913, a state assignment certificate was issued to L. L. Simmons and later assigned to Myrtle Simmons. On August 24, 1915, notice of expiration of redemption was issued by the county auditor, and it was promptly served and proof of service filed with the county auditor. The certificate was

not thereafter recorded. Plaintiff has succeeded to the Simmons' interest. The trial court sustained this tax title.

1. Plaintiff contends that under chapter 271, p. 407, Laws 1905, G. S. 1913, § 2150, the time for issuance of notice of expiration of redemption had expired before the notice was issued. This section so far as here material, reads as follows:

"No notice of the expiration of the time of redemption upon any certificate of tax judgment sale issued to an actual purchaser, or upon any state assignment certificate issued under the provisions of section 1601 of the General Statutes of 1894, shall issue or be served * * * after the expiration of six years from the date of the tax judgment sale described in any such certificate."

Plaintiff makes the contention that inasmuch as the state assignment certificate in this case was issued under section 935, R. L. 1905, G. S. 1913, § 2126, originally section 29, c. 2, p. 18, Laws 1902, and not under section 1601, G. S. 1894, the provisions of chapter 271, p. 407, Laws 1905, do not apply. On this point we sustain plaintiff's contention. Chapter 271, p. 407, Laws of 1905 refers to only two kinds of certificates: First, any certificate of tax judgment sale issued to an actual purchaser; second, any state assignment certificate issued under provisions of section 1601, G. S. 1894. At the time of its passage, there were two kinds of outstanding state assignment certificates, namely, the old ones issued under said section 1601, G. S. 1894, and the later ones issued under chapter 2, p. 1, Laws of 1902. The rights of the holders were not in the two cases the same. For example, the right of refundment, in case the certificate was avoided, was incident to the former, but not to the latter. State v. Krahmer, 112 Minn. 372, 128 N. W. 288. It cannot be said that the legislature, by referring specifically to one class, intended to include the other. State assignment certificates issued under the act of 1902 and later enactments were not included within the limitation of chapter 271, p. 407, Laws of 1905.

2. Chapter 77, p. 107, Laws 1915, amended the act of 1905 to read as follows:

"No notice of the expiration of the time of redemption upon any certificate of tax judgment sale issued to an actual purchaser, or upon

146 M.—14.

any state assignment certificate shall issue or be served under the provisions of section 1654 of the General Statutes of 1894, or any other law in force at the time of the passage of this act, after the expiration of six years from the date of the tax judgment sale described in any such certificate; nor shall any such certificate be recorded in the office of any register of deeds after the expiration of seven years from the date of such sale."

This in plain terms applies to "any state assignment certificate" and necessarily includes this one. The act of 1915 went into effect March 1, 1916. Prior to that time, notice of expiration of redemption had been given, and the period of redemption had expired, so that, so far as the giving of the notice was concerned, this statute has no application. But the provision requiring the certificate to be recorded within seven years is applicable to this case. The seven years had not expired when this statute became operative. The certificate was not entitled to record until after the notice was given and after the period of redemption expired. G. S. 1913, §§ 2152, 2135. There is no evidence and no claim that it was so recorded.

3. Defendant contends that this requirement, that the certificate be recorded, involves also a requirement of the payment of subsequent taxes, and that it impairs the obligation of the contract the certificate holder had with the state and is therefore void.

It is true; the statute, by requiring the record of the certificate, incidentally requires the payment of the taxes accrued subsequent to the issuance of the certificate. Section 2192, G. S. 1913, requires the payment of all taxes before record of any "deed or other instrument conveying land." This certificate, after the title has been perfected, becomes an "instrument conveying land."

It is true also that the rights of a holder of a tax certificate are to be determined by the laws in force at the time the certificate is acquired. The right of redemption on the one hand, and the right to perfect title on the other, are governed by the law in force at that time. This law is the law of the contract and enters into and becomes part of it. Any later statute, assuming to take away, obstruct or encumber, any of these rights, would be a law impairing the obligation of the contract

and void. Fleming v. Roverud, 30 Minn. 273, 15 N. W. 119; Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721; State v. Krahmer, 105 Minn. 422, 117 N. W. 780, 21 L.R.A.(N.S.) 157.

It was held, in the last case cited, that the provisions of chapter 271, p. 407, Laws 1905, requiring the notice of expiration of redemption to be given within six years from the date of the tax judgment sale, did not impair the obligation of the contract; that this statute is a mere statute of limitation; that it affects the remedy only, and not the substantial obligation of the contract, and that a simple requirement that the affirmative acts, which the certificate holder was obliged to do to perfect his title, should be done within a reasonable time, did not impair any obligation of the contract.

It seems to us that the logic of that decision leads to the conclusion that the requirement that the certificate be recorded within a reasonable length of time after the time for redemption has expired, does not impair any obligation of the contract. This act is merely a step in the completion of the record title, not more burdensome than the giving of the notice, and not more burdensome if performed within a reasonable time than if performed later. It is in substance only a limitation statute. The incidental requirement that taxes be paid before record of the certificate, imposes no additional burden. Prior laws had imposed the burden of payment of subsequent taxes, if the certificate holder would conserve his rights in the property. This law simply imposes on him the duty of payment within a reasonable time in order to conserve his rights. This it was competent for the legislature to do. Neither party to the contract was absolved from performance of any of its obligations, nor was plaintiff required to do any act to perfect his title which he was not before obliged to do.

4. At the time the 1915 law was passed, the title was not complete. Notice of expiration of redemption had not been given. It is within the power of the legislature to shorten the time for perfecting title under outstanding tax certificates, provided a reasonable time is allowed to do so before the statute goes into effect. In this case nearly 11 months were allowed before the statute became operative and 3 months more must expire before the time to record the certificate became barred. This

was a reasonable time. State v. Krahmer, 105 Minn. 422, 434, 117 N. W. 780, 21 L.R.A.(N.S.) 157.

5. Plaintiff contends that, in the case of a state assignment certificate, the seven years' period commences to run from the date of the assignment by the state to the purchaser, and not from the date of the original tax sale. With this we cannot agree. By the express terms of the statute, it commences to run "from the date of the tax judgment sale described in any such certificate." The words "tax judgment sale" here refer to the annual May sale made pursuant to the tax judgment. This is the commonly understood meaning of the term. This sale is designated the "tax judgment sale" in the section which makes provision for it, G. S. 1913, § 2148; R. L. 1905, § 956, and it is only "tax judgment sale described in such certificates." G. S. 1913, § 2126. A state assignment is not a "tax judgment sale."

6. Plaintiff makes the contention that defendant is a Wisconsin corporation and therefore by virtue of G. S. 1913, § 6206, without capacity to hold lands in this state.

There are several answers to this contention, each in itself conclusive.

Plaintiff must prevail on the strength of its own title, not on the weakness of the title of defendant.

There is no evidence that defendant is a Wisconsin corporation, or a foreign corporation, except recitals in certain deeds to defendant, in which it is described as a corporation under the laws of the state of Wisconsin. There is no finding on the subject, and, in an affidavit filed pursuant to chapter 112, p. 127, Laws 1913, plaintiff's attorney avers that defendant is "a corporation duly created, organized and existing under the laws of the state of Minnesota."

If defendant is a foreign corporation, the burden was on plaintiff to prove that it had not complied with our laws. State v. Murphy, 113 Minn. 405, 129 N. W. 850. There was no such proof.

Defendant obtained its interest in this land in 1893. Section 6206 was not enacted until 1899. Laws 1899, p. 68, chapter 69. The enactment of this statute could not, therefore, impair defendant's title. Keystone Mnfg. Co. v. Howe, 89 Minn. 256, 94 N. W. 723.

The judgment of the trial court must be reversed. It appears, however, that the point on which the judgment is reversed was raised by defendant for the first time in this court. No statutory costs will therefore be allowed.

Judgment reversed.