# WILLIAM T. BLAKELEY v. L. M. MANN LAND COMPANY AND OTHERS.
## L. M. MANN, RESPONDENT.[1]

November 17, 1922.

No. 23,091.

**Lien of purchaser of invalid state tax assignment certificate prior to 1915 act.**

1. The lien of a purchaser at a tax sale held prior to the enactment of chapter 77, Laws 1915, was not extinguished by the failure to give notice of the expiration of the time for redemption within 6 years from the date of sale, if the tax certificate was invalid and for that reason no effective notice could be given.

**Purchaser's rights may not be destroyed by subsequent statute.**

2. The rights of the purchaser are determined by sections 2134, 2165 and 2171, G. S. 1913, by virtue whereof he succeeds to the lien of the state and acquires contract rights which may not be destroyed by subsequent legislation.

**Lien for subsequent taxes paid not affected by 1917 or 1919 statutes.**

3. The right of such purchaser to a lien for taxes he has subsequently paid is a vested right which was not affected by chapter 488, Laws 1917, or chapter 169, Laws 1919.

**Lien for amount paid for certificate and subsequent taxes enforceable by sale of land.**

4. Upon adjudging that the tax certificate was invalid, the court properly held that the purchaser was entitled to a lien for the amount paid at the tax sale and for subsequent taxes and that such lien was enforceable by the sale of the land.

**Error in computation may be corrected by trial court.**

5. An error of the county auditor in the computation of the amount due for taxes should be corrected by application made to the court below.

[1]Reported in 190 N. W. 797.

Action in the district court for Cass county to determine adverse claims to certain land. The facts will be found in the first paragraph of the opinion. The case was tried before Stanton, J., who made findings and ordered judgment in favor of plaintiff adjudging him to be the owner in fee simple of the premises, subject to a lien of $348.21 in favor of defendant L. M. Mann, and ordering a sale of the premises to satisfy the lien. From the latter part of the judgment, plaintiff appealed. Affirmed and remanded.

*G. M. Campbell*, for appellant.

*R. G. Patton* and *A. L. Thwing*, for respondent.

LEES, C.

Action to determine adverse claims to land. The land was vacant and unoccupied. On May 9, 1910, it was sold to the state at a tax judgment sale in Cass county. On May 11, 1912, the county auditor issued a state tax assignment certificate to F. H. Wellcome, who paid $57.14 therefor. This was $17.60 more than the amount of the taxes, penalties and interest. Thereafter the certificate holder paid the taxes for 1911, amounting to $9.25, and later assigned the certificate to the Mann Land Company, and it has assigned it to the respondent. On October 8, 1915, the county auditor issued notice of expiration of the time for redemption. The notice recited that redemption might be made by the payment of $57.14, plus $9.25 for subsequent taxes paid, together with interest on both sums. In an action brought by the land company to quiet title, judgment was entered purporting to vest the title in the company. It has since conveyed the land to respondent. The tax certificate and a certified copy of the judgment were duly recorded. Because the affidavit for publication of the summons was insufficient, the judgment did not bind the plaintiff in the present action. Between the years 1913 and 1919 the taxes for the years 1911 to 1918, both inclusive, were paid by respondent or his assignors.

Alleging that he was the fee owner, appellant brought this action to establish his title. He asserted that the tax certificate and the notice of expiration of the time for redemption were invalid, and demanded judgment that they be expunged from the records in

the office of the register of deeds. Upon findings embodying the facts above recited, appellant was adjudged the fee owner of the land subject to a lien in favor of respondent for the amount paid for the tax certificate and for subsequent taxes with interest thereon. This appeal is from that part of the judgment which established the lien on the land.

Appellant urges that at the expiration of 6 years from May 9, 1910, all right to a lien for the taxes represented by the certificate, or for those subsequently paid, became extinguished by virtue of chapter 77, p. 107, Laws 1915, chapter 488, p. 827, Laws 1917, and chapter 169, p. 170, Laws 1919.

The act of 1915 was an amendment to the general statutes, and declared that the failure to serve notice of the expiration of the time for redemption within 6 years from the date of the tax judgment sale and to record the tax certificate within 7 years from that date extinguished the lien for the taxes represented by the certificate. The act of 1917 added that such failure should also extinguish the lien for all subsequent taxes paid under the certificate. The act of 1919 retained these provisions of the earlier acts. When the certificate in question was issued, it was the law that the taxes assessed upon real property should be a perpetual lien thereon, section 2171, G. S. 1913; that, subject to exceptions not here material, if a certificate issued to an actual purchaser proved to be invalid for any cause, such lien should be transferred, without any act whatever, to the certificate holder, to be enforced by foreclosure, or other proper action or proceeding, section 2134, G. S. 1913; and that, when a tax sale was adjudged void for a cause such as we have here, the court should ascertain the amount paid at the sale and the amount of all subsequent taxes paid and adjudge a lien in favor of the certificate holder therefor and direct a sale of the land by the sheriff to satisfy the lien. Section 2165, G. S. 1913.

In construing and applying these provisions, this court has held that the rights of parties in tax proceedings are to be determined by the law in force at the time of the tax sale, State v. Krahmer, 105 Minn. 422, 117 N. W. 780, 21 L. R. A. (N. S.) 157; that a statute giving to the purchaser the right to a refundment if the sale was

adjudged void, entered into and formed a substantial part of his contract, State v. Krahmer, 112 Minn. 372, 128 N. W. 288; that these provisions are an essential part of the system by which the state obtains its revenue, and are inducements for the purchaser to buy, State v. County of Chisago, 115 Minn. 6, 131 N. W. 792, Ann. Cas. 1912D, 669, and that it is the policy of the state to protect purchasers by providing a method for their reimbursement where the title fails, and to deprive them of the state's lien upon the adjudication of the invalidity of the tax title, would be a radical departure from this policy, which would effectually discourage or bring to an end all tax purchases, Downing v. Lucy, 121 Minn. 301, 141 N. W. 183, Ann. Cas. 1914C, 755. Presumably all these considerations were in the minds of the lawmakers when the amendments were enacted. It is not to be supposed that they intended to enact a law which would trench upon the obligation of contracts between the state and purchasers at tax sales. Rather it should be presumed that they intended to respect and preserve the contract rights of such purchasers and that the amendments should not apply to liens theretofore acquired. In answer to this, it is urged that the amendments merely relate to the preservation of the certificate holder's lien, that they are in the nature of a short statute of limitations, and that the lien itself is not touched by the new legislation.

It seems to be conceded that the tax certificate in question was invalid because it incorrectly set forth the amount due for taxes when it was issued. It is probably true that it was invalid for this reason. Arnold v. County of Cook, 134 Minn. 373, 159 N. W. 825. If it was, no valid notice of the expiration of the time for redemption could be given and the certificate holder could not get title to the land, no matter how often he went through the form of giving notice. An invalid notice is no better than no notice at all, Byers v. Minn. Com. Loan Co. 118 Minn. 266, 136 N. W. 880, Downing v. Lucy, supra, and, therefore, it never was within the power of the respondent or his assignors to prevent the extinguishment of the lien by causing the notice to be given. It would be unreasonable to hold that the lien was extinguished for the failure to do

something which could not be done legally. It may be conceded that the right to acquire the title by giving the notice was a remedial right which might be restricted by subsequent legislation, Northern C. L. Co. v. Excelsior L. M. & Dev. Co. 146 Minn. 207, 178 N. W. 497, but the concession does not meet the point that it was never possible to give a valid notice. The situation here was such that the only remedy was that conferred by the sections of the general statutes we have cited, a remedy not affected by the amendments. Such remedy was given to enable the holder of an invalid certificate to enforce the lien of the state after he had acquired it by the purchase of land sold for the nonpayment of taxes. The right to succeed to the state's lien was a contract right which the state might not strike down by a subsequent legislative act.

Appellant brought respondent into court to defend his tax title, alleging that it is invalid. The court found that it is invalid, because of an error on the part of the county auditor. But for this error, appellant would have lost the land. He paid no taxes for many years, but suffered respondent and his assignors to pay them and perform the duty he owed to the state, and now insists that he may keep his land without reimbursing respondent. The courts should not aid him to accomplish his purpose, unless he can point to a valid act of the legislature which amends or repeals the provisions of the general statutes and which is clearly applicable to tax sales made before the change in the law. None of the acts to which he directs our attention go so far as that.

The right to a lien which the statute gives for taxes subsequently paid is also a contract right. Prior to January 1, 1918, when the 1917 amendment went into effect, a purchaser at a tax sale might pay, but was not bound to pay, subsequent taxes. It was said in Fry v. County of Morrison, 136 Minn. 225, 161 N. W. 511, that the state encourages a purchaser to pay subsequent taxes and tack them to his certificate, for thus the state gets its revenue promptly. As to purchasers prior to the taking effect of chapter 488, p. 827, Laws 1917, this was a vested right which entered into and became a part of their contract with the state when they purchased at a tax sale. It is to be presumed that the legislature had no intention of

impairing such a right. These considerations are decisive of the case. However, the judgment in the court below should be corrected inasmuch as respondent was given a lien for too large an amount. No application for a correction was made, plaintiff himself causing the judgment to be entered and then taking this appeal. Upon the going down of the remittitur, the court should entertain an application for the modification and correction of the judgment by deducting $17.60 and accrued interest thereon from the amount for which respondent was awarded a lien.

The judgment is affirmed and the case remanded for further proceedings in accordance herewith. No statutory costs will be allowed in this court.