# W. C. HUTCHINSON v. SAMPSON R. CHILD AND ANOTHER.[1]

July 10, 1925.

No. 24, 603.

**Service of notice of expiration of time for redemption from tax sale.**

1. The notice of expiration of time for redemption from a tax sale must be served upon the one in possession though he is the tax title holder, if the person to whom it is addressed, that is, the one in whose name the land is assessed, cannot be found in the county.

**Acts of 1915 and 1917 statutes of limitation.**

2. Under L. 1915, c. 77, and L. 1917, c. 488, the failure to give the notice of expiration of the time for redemption, and the failure to file the tax certificate, within the times provided, operate to extinguish the lien for taxes included in the certificate, and for subsequent taxes paid by the holder of the tax title. The statutes are statutes of limitation, provide a reasonable time for giving notice and recording the certificate, and are not unconstitutional as impairing vested rights.

**Effect of curative act of 1917 not considered.**

3. There being possession of the property such as to make necessary service upon the occupant, and he not having been served, the effect of the curative act, L. 1917, c. 506, assuming to validate an invalid printer's affidavit, is not determined.

1. See Taxation, 37 Cyc. p. 1404.
2. See Constitutional Law, 12 C. J. p. 967, § 524 (Anno); Taxation, 37 Cyc. p. 1388.
3. See Appeal and Error, 4 C. J. p. 649, § 2541.

Action in the district court for Hennepin county to determine adverse claims to certain real estate. The case was tried before Waite, J., who found that defendant S. R. Child was owner of the

[1]Reported in 204 N. W. 648.

property subject to plaintiff's lien for taxes. S. R. Child appealed. Reversed.

*S. R. Child, Sherman Child* and *Lewis Child*, for appellant.

*Bessessen & Bessessen* and *L. O. Rue*, for respondent.

DIBELL, J.

Action to determine adverse claims to property in Minneapolis. The plaintiff claims under a tax title. The defendant Sampson R. Child, unless his title was divested by the tax title, is the owner. There was judgment adjudging Child to be the owner and adjudging the plaintiff to have a lien for the amount of his tax certificate and subsequent taxes paid. The defendant Child, claiming that the judgment is erroneous in charging a lien for taxes, appeals. The plaintiff does not appeal and the validity of the defendant's title and the invalidity of the plaintiff's tax title are not involved. The question is whether the plaintiff was entitled to a lien for taxes included in his tax title, and taxes subsequently paid.

1. The sheriff received the notice of expiration of the time for redemption for service on January 27, 1908, and on February 1, 1908, returned that the person to whom it was directed could not be found in the county; that he "found no one then and there in actual occupation and possession of the land described in said notice of expiration of redemption, or any part thereof; and that the said land is now wholly vacant and unoccupied." The statute requires that the notice be "directed to the person in whose name such lands are assessed," and that "within twenty days after its receipt by him, the sheriff shall serve such notice upon the persons to whom it is directed, if to be found in his county, * * * and, if not so found, then upon the person in possession of the land." G. S. 1923, § 2163; G. S. 1913, § 2148; R. L. 1905, § 956. The language quoted, so far as here material, is as it was when the notice was given.

The trial court found that at the time of the sheriff's return, "and during all of 1908, plaintiff was in possession of a part of said premises." If there was a person in possession, the one to whom the notice was addressed not being found, it was necessary that the

notice be served upon him. The statute is mandatory. Pomroy v. Beattie, 139 Minn. 127, 165 N. W. 960. It must be served though he is the tax title holder. See on principle: Mitchell v. McFarland, 47 Minn. 535, 50 N. W. 610; Sperry v. Goodwin, 44 Minn. 207, 46 N. W. 328; Wakefield v. Day, 41 Minn. 344, 43 N. W. 71; Western Land Assn. v. McComber, 41 Minn. 20, 42 N. W. 543; Dun. Dig. § 9435. The character of the possession does not appear with much definiteness, but it is not assailed, for the plaintiff does not appeal. It was such apparently as to require the service of notice on the occupant, or at least it could be so found. Wallace v. Sache, 106 Minn. 123, 118 N. W. 360; Pomroy v. Beattie, 139 Minn. 127, 165 N. W. 960. And see Cutting v. Patterson, 82 Minn. 375, 85 N. W. 172; Fitger v. Alger, Smith & Co. 130 Minn. 520, 153 N. W. 997; St. Paul Swimming Club v. First State Bank, 148 Minn. 430, 182 N. W. 514. Indeed the plaintiff in his pleading and by his evidence claims that he was in adverse possession.

2. The property was bid in for the state on May 12, 1903, pursuant to a tax judgment of April 20, 1903, for taxes delinquent for 1901. There being no redemption, the lot was sold by the state to the plaintiff on November 12, 1906. In February, 1908, he caused a notice of expiration of redemption to be published, and on June 13, 1908, received the Governor's deed. The publication was of no effect for the reasons stated in the preceding paragraph; and if there might have been notice by publication that given was invalid for the reasons stated in the following paragraph. In legal effect no notice was served.

By L. 1915, p. 107, c. 77, it is provided that no notice of the expiration of time for redemption shall issue or be served after the expiration of six years from the date of the tax judgment described in the certificate; that the certificate shall not be recorded after the expiration of seven years from the date of the sale; that certificates upon which such notice is not given and which are not recorded shall be void; and that the failure to serve the notice or record the certificate shall operate to extinguish the lien of the purchaser for the taxes for the year or years described in the certificate. This act

was approved April 6, 1915, and became effective from March 1, 1916. Pending actions were excepted from it. By L. 1917, p. 827, c. 488, it was provided that failure to give the notice or record the certificate should extinguish the lien of all subsequent taxes paid, as well as the lien for the taxes included in the certificate. This statute provided that the lien might be enforced within nine months after the statute took effect. The act was approved April 21, 1917, effective from January 1, 1918. Pending actions were excluded from its operation. A similar act of 1919, L. 1919, p. 170, c. 169, effective January 1, 1920, is not important here.

The 1915 act was considered in Northern Counties Land Co. v. Excelsior L. M. & D. Co. 146 Minn. 207, 178 N. W. 497. It was held to be a reasonable limitation statute not unconstitutional as impairing vested rights. It was thought within the reasoning of State v. Krahmer, 105 Minn. 422, 177 N. W. 780, 21 L. R. A. (N. S.) 157, construing a similar statute. And see Byers v. Minn. Commercial Loan Co. 118 Minn. 266, 136 N. W. 880. The 1917 statute must be construed similarly. The case of Blakeley v. L. M. Mann Land Co. 153 Minn. 415, 190 N. W. 797, is not opposed. There a tax certificate was invalid, and no notice of expiration could be given, and it was held that the rights of the purchaser were not controlled by the 1917 or the 1919 statute, but were governed by G. S. 1913, §§ 2134, 2165 and 2171.

3. The plaintiff in February, 1908, published a notice of expiration of redemption. The printer's affidavit of publication was void for a defect similar to that in Lovine v. Goodridge-Call Lumber Co. 130 Minn. 202, 153 N. W. 517. The defect was attempted to be cured by L. 1917, p. 851, c. 506, approved April 20, 1917, and effective from that date. In view of the fact that there was possession of the land such that service on the occupant was necessary it is unnecessary to inquire whether the publication was in fact good, or to determine the effect of the curative statute.

So far as the judgment adjudges a lien it is reversed.

Reversed.