## BERNARD T. KLASEN v. CAROLINE T. THOMPSON.[1]

June 9, 1933.

No. 29,478.

*Fred Sorenson,* for appellant.
*C. A. Marr,* for respondent.

*WILSON, Chief Justice.*

Plaintiff appealed from an adverse judgment.

Plaintiff and defendant, brother and sister, own certain real estate as tenants in common, having inherited it from their father, Michael Klasen, unless defendant has acquired title thereto by a tax deed.

The 1909 taxes became delinquent, and on May 9, 1911, the county auditor of Hennepin county duly sold the premises, pursuant to a real estate tax judgment entered April 24, 1911, to defendant and executed and delivered to her the usual certificate of sale. On August 21, 1914, a notice of expiration of time in which to redeem was issued by the county auditor. It was received by the sheriff on

[1]Reported in 248 N. W. 817.

August 26, 1914, and was served by him on August 31, 1914. The notice with the proof of service was filed in the office of the county auditor September 2, 1914. Thereafter the county auditor indorsed upon the certificate of sale, so executed to defendant, that the notice of the expiration of redemption had been given and the time had expired on November 6, 1914. The certificate of sale was never recorded in the office of the register of deeds as required by the statute hereinafter mentioned. Does the defendant own the property by virtue of such certificate?

The validity of a tax certificate and the rights of the holder are to be determined by the laws in force at the time the certificate is acquired. State ex rel. National B. & S. Co. v. Krahmer, 105 Minn. 422, 117 N. W. 780, 21 L.R.A. (N.S.) 157; Northern C. L. Co. v. Excelsior L. M. & D. Co. 146 Minn. 207, 178 N. W. 497.

L. 1902, Ex. Sess. p. 1, c. 2, § 25, now 1 Mason Minn. St. 1927, § 2129, prescribes the form of such certificate and provides:

"Such certificate * * * shall pass to the purchaser an estate therein in fee simple without any other act or deed whatever." State v. Camp, 79 Minn. 343, 82 N. W. 645.

L. 1905, p. 407, c. 271, § 1, contains this provision:

"No notice of the expiration of the time of redemption upon any certificate of tax judgment sale issued to an actual purchaser, * * * shall issue or be served * * * after the expiration of six years from the date of the tax judgment sale described in any such certificate; nor shall any such certificate be recorded in the office of any register of deeds after the expiration of seven years from the date of such sale. All such certificates upon which such notice of expiration of redemption shall not be issued and served, and such certificate recorded in the office of the proper register of deeds within the times limited by this act, shall be void and of no force or effect for any purpose whatever."

When defendant acquired her certificate, L. 1905, p. 407, c. 271, controlled. It was amended by L. 1915, p. 107, c. 77, wherein the following was added:

"And failure to serve such notice or record such certificate within the time herein prescribed shall operate to extinguish the lien of said purchaser for the taxes for the year or years in such certificate described and appearing, anything in any other statute of this state to the contrary notwithstanding."

This law as so amended is now in 1 Mason Minn. St. 1927, § 2169. The amendment is not here important. We mention it for the sake of symmetry only.

L. 1905, p. 407, c. 271, is not consistent with L. 1902, Ex. Sess. p. 1, c. 2, § 25. Later laws abrogate prior contrary laws. In so far as there is conflict, the later law must prevail. It follows here that the later law cannot be disregarded.

The last sentence in L. 1905, p. 407, c. 271, § 1, "and such certificate * * * shall be void and of no force or effect for any purpose whatever," evinces a definite legislative intent that the conveyance of the title in fee simple as contemplated in L. 1902, Ex. Sess. p. 1, c. 2, § 25, was made conditional upon the recording of the certificate within the time specified and limited by L. 1905, p. 407, c. 271. It follows that the failure so to record a certificate results in the failure to perfect and acquire title. The recording of the certificate in the office of the register of deeds is a prerequisite to acquiring title under the certificate. We are of the opinion that this conclusion is supported by authority. State ex rel. National B. & S. Co. v. Krahmer, 105 Minn. 422, 117 N. W. 780, 21 L.R.A.(N.S.) 157; Northern C. L. Co. v. Excelsior L. M. & D. Co. 146 Minn. 207, 178 N. W. 497.

Respondent advances the argument that it was the intention of the legislature merely to extinguish the lien of the purchaser for the taxes, the language of the amendment, and that the holder of the certificate, while he cannot put the certificate in evidence and use it for the purpose of establishing his title, may nevertheless prove by the records in the office of the county auditor that he is in fact the owner in fee by virtue of the proceedings resulting in the execution and delivery of the certificate. We do not think so. We cannot see why the legislature would so intend. It rather

seems to us that the intent was to have the certificate holder perfect the record within a reasonable time or lose the benefit of his bargain in the purchase. Northern C. L. Co. v. Excelsior L. M. & D. Co. 146 Minn. 207, 178 N. W. 497.

It also occurs to us that when the amendment was adopted in 1915 the legislature desired to remove any doubt as to whether or not the property was still subject to a lien for the taxes in cases where the certificate had not been recorded.

Reversed.