ELLA F. ABSETZ v. CLARENCE McCLELLAN AND OTHERS.
LUKE F. BURNS AND F. J. MOILAN, APPELLANTS.[1]

February 16, 1940.

No. 32,389.

[1]Reported in 290 N. W. 298.

*Luke F. Burns, pro se* and for appellant F. J. Moilan.
*Courtney & Courtney,* for respondent.
*Carroll G. Patton, amicus curiae.*

JULIUS J. OLSON, JUSTICE.

Defendants Burns and Moilan appeal from a judgment. The problems presented involve them and plaintiff only. So they alone will be referred to as defendants.

Title to and right of possession of certain real estate in the city of Virginia are to be determined. Plaintiff in her representative capacities is conceded to be the owner unless her title has been divested or encumbered by reason of certain tax proceedings now to be related. Taxes duly levied and assessed for the year 1926 were not paid. As a consequence a tax judgment was entered March 24, 1928. At the tax sale held on May 14, that year, a certificate of tax sale was issued to defendants' assignor. Subsequent taxes have been paid by defendants or their assignor. The court found that "the net amount of such taxes, penalties, interest and costs so paid by defendants" or their assignor was $1,280.68, "computed to December 13, 1938." (Defendants' claim is $1,684.95, but that is not presently important.) No one questions the legality of the tax, entry of judgment, or tax sale.

By L. 1927, c. 119, §§ 2, 3 (1 Mason Minn. St. 1927, §§ 2139-1 and 2139-2), applicable to taxes for 1926 and subsequent years, a new theory was adopted so as to do away with the necessity of

service of any notice of expiration of redemption by anyone. Thereby the taxed real estate—

"hereafter duly sold at the annual delinquent tax sale,   *   *   * shall at the expiration of five years .from the date of such sale become and be the absolute property of. the purchaser or of the state, or of his·or its assigns, without the doing .of any act. or thing whatsoever, without any right of redemption, and no notice of expiration of the time to redeem from any such sale shall be required."

The law as to taxes levied prior to 1926 required service of notice of expiration of redemption before title of the owner could be divested. 1 Mason Minn. St. 1927, § 2163. Under the provisions of 1 Mason Minn. St. 1927, §§ 2169 and 2170, it was also required that notice of expiration and service thereof must be had within six years, and that the tax certificate showing service of notice of expiration and that the redemption period had expired should be recorded in the office of the register of deeds of the county in which the involved premises were located within seven years from the date of sale. If the certificate holder failed to comply with these requirements his title and interest in the property was wholly lost. Such "failure [as to notice and recording]   *   *   * shall operate to extinguish the lien of said purchaser" not only as to taxes represented by the certificate but also "of all subsequent taxes paid under such certificate."

The 1927 act remained operative and in force until the 1933 legislative session, when L. 1933, c. 366 (3 Mason Minn. St. 1938 Supp. §§ 2164-1 and 2164-2), was enacted. It provides that:

"Right of redemption *from any sale for delinquent taxes* shall continue for a period of twelve months after proof of service, in the manner required by law, of a notice of expiration of the time within which redemption can be made, has been filed in the office of the county auditor   *   *   *." (Italics supplied.) (Section 2 repeals all inconsistent acts, and § 3 provides that it shall take effect from and after its passage. It was approved April 21, 1933.)

It will thus be seen that the 1933 law came into effect less than a month before the time when under the 1927 act defendants' title would have become "absolute," and this "without the doing of any act or thing whatsoever" on the part of anyone. On March 9, 1934, the opinion in State ex rel. Standard Inv. Co. v. Erickson, 191 Minn. 188, 253 N. W. 529, was filed. On March 29, following, notice of expiration was duly issued by the county auditor and personally served by the sheriff upon tenant McClellan April 14, "at that time in possession of that part of said premises known as 201 Fourth Avenue South," and on May 11 was returned and filed in the office of the county auditor with proof of such service. The premises were then assessed in the NAME of Alice Curry (plaintiff's intestate). Of course no notice could be served upon her. The building occupied by McClellan was used for business purposes as a shop or store. A dwelling house known as 203 Fourth Avenue South was occupied by Martenus and wife and one Stella Robke. They were not served. McClellan's monthly rental was $20; that of the dwelling house $12. The certificate of sale was not recorded until December 30, 1935.

On May 29, 1935, defendants secured possession of the property upon their claim of ownership and have since received certain rentals amounting to $609.20. Upon these facts the court concluded that the notice of expiration was not properly served and that defendants' claim as to title failed; also, that because of inadequate service of notice and the certificate not having been recorded within the period fixed by 1 Mason Minn. St. 1927, §§ 2169, 2170, that all taxes paid by defendants under their certificate of sale, including the certificate itself and the record thereof, should be cancelled and annulled, and that plaintiff should have and recover from defendants the rental income received by them while in possession, with interest, the whole amounting to $689.70, plus costs and disbursements $45.04. Judgment was entered accordingly. This appeal followed.

The result reached seems unduly harsh and unreasonable. Defendants' good faith in acquiring the tax certificate by assign-

ment from the original tax purchaser cannot be questioned. There is no finding otherwise.

1. Our decisions have gone a long way to protect the landowner against tax forfeitures. But our statutes and cases decided thereunder do not aim at forfeiture of the tax certificate holder's interest even if he is unsuccessful in getting absolute title under it. Hence it is that while in tax title proceedings "it is elementary that * * * to divest title to real estate there must be strict compliance with the statute," Warroad Co-op. Creamery Co. v. Hoyez, 182 Minn. 73, 75, 233 N. W. 824, 825, yet the holder of an "invalid tax title is entitled to lien for *all* subsequent taxes, penalties, interest, and costs paid by him, even though a part thereof was covered by an assignment certificate which he had surrendered for cancellation, assuming that he had acquired title under his prior certificate." *Id.* (citing in support 1 Mason Minn. St. 1927, § 2188).

2. Equally well established is the rule that: "The validity of a tax certificate and the rights of the holder are to be determined by the laws in force at the time the certificate is acquired." Klasen v. Thompson, 189 Minn. 254, 255, 248 N. W. 817, 818. As to right of redemption, see 6 Dunnell, Minn. Dig. (2 ed. & 1934 Supp.) § 9406, and cases under notes.

3. As we have seen, the service of notice of expiration of redemption was entirely eliminated from the 1927 statute (1 Mason Minn. St. 1927, §§ 2139-1 and 2139-2). As there was to be no notice of expiration, of course there could remain no six- or seven-year limitation within which such notice should be issued and served and the certificate recorded. This must necessarily be so as the title was to become vested immediately upon expiration of five years from the date of sale "without the doing of any act or thing whatsoever." The purchaser's title was then to be "absolute." The prior statutes as to such notice and recording were wholly inapplicable as to 1926 and subsequent taxes. If §§ 2169 and 2170 are now in force as to sales in 1928 and subsequent years it must be because these were brought back into being and

made operative by L. 1933, c. 366 (3 Mason Minn. St. 1938 Supp. §§ 2164-1, 2164-2). Under that act a new right of redemption was given the owner by requiring service of notice of expiration, "in the manner required by law," and giving to the tax-delinquent owner 12 months after such service and filing thereof with the auditor within which to redeem his property. The kind of notice, the manner in which it was to be served, and upon whom is found in § 2163. That section by clear implication of the 1933 act was pointed out as the law to be followed and employed. It was the only applicable statute on the subject. Nothing in the 1933 act by its terms or by fair implication can be said to be, or even imply, a reënactment of §§ 2169 and 2170 in respect to the time when such notice should be served or the certificate recorded. All that was to be done by the certificate holder was to see that notice was issued, served, and filed with the auditor.

It therefore seems entirely logical to hold that L. 1927, c. 119, being the later law and occupying the entire field as to taxes levied in 1926 and subsequent years, took the place of and abrogated "prior contrary laws," if such there were, and if "there is conflict, the later law must prevail." Klasen v. Thompson, 189 Minn. 254, 256, 248 N. W. 817, 818.

The 1933 act was passed for the obvious purpose of giving the landowner more time within which to save his property. Notice of expiration was deemed to be of aid to him, not only to afford him additional time within which to redeem, but also that thereby he would be reminded of what was impending. In State ex rel. Standard Inv. Co. v. Erickson, 191 Minn. 188, 191, 192, 253 N. W. 529, 531, the 1933 act was held constitutionally valid because "the act is an emergency measure; * * * it does not appear that" the act "substantially lessens" the certificate holder's remedies, nor substantially affects any of his vested rights or impairs his contract. The "emergency" is what brought about the 1933 enactment. If the legislature intended to make applicable §§ 2169 and 2170 of the former law, never theretofore in any way applicable to taxes levied and to be enforced under the 1927 act, it

would seem reasonable to suppose they would have said so in such language as to show clearly what was meant.

Referring to other sections of the tax statute, we find some interesting provisions. Thus, under § 2207 the tax judgment is made a perpetual lien upon the land covered thereby "until such judgment and taxes are paid in full." Under § 2209 taxes may be paid by "any person who has a lien, by mortgage or otherwise, upon any land upon which the taxes have not been paid." He is given an additional lien for the amount of the tax so paid by him, and this is collectible with and as a part of the amount secured by his original lien. Under § 2210 a tenant or occupant may pay taxes upon property occupied by him, and by filing notice in the office of the register of deeds may enforce the same as a lien against the land, with interest, or "he may retain the same from any rent due or accruing from him to such owner." And so we find that our cases, prior to Hutchinson v. Child, 164 Minn. 195, 204 N. W. 648, generally hold that failure on the part of the certificate holder to comply with the statutes in respect to issuance and service of notice does not thereby forfeit his right of lien under his certificate and subsequent taxes paid thereunder. The following cases are helpful: Downing v. Lucy, 121 Minn. 301, 141 N. W. 183, Ann. Cas. 1914C, 755; Culligan v. Cosmopolitan Co. 126 Minn. 218, 148 N. W. 273; Glaze v. Stryker, 135 Minn. 186, 188, 160 N. W. 490; Blakeley v. L. M. Mann Land Co. 153 Minn. 415, 190 N. W. 797.

In Hutchinson v. Child, 164 Minn. 195, 204 N. W. 648, this court held, and we think properly, that §§ 2169 and 2170 precluded recovery of money paid by a tax purchaser who had failed seasonably to comply with these sections. They were statutes of limitations applicable to the enforcement of tax certificates by providing for reasonable limits of time within which to give notice of expiration and recording the certificate. There the legislative intent was made clear. The tax title holder was given nine months after the passage of the act within which to enforce his tax lien. The purpose of the limitation was to clear up and re-

move from the records many old outstanding tax certificates which, as the law then stood, remained clouds upon land titles. (L. 1917, c. 488.)

It is interesting to note that the relator in the Erickson case, 191 Minn. 188, 253 N. W. 529, is the same corporation as defendants' assignor. The Erickson case was thoroughly argued upon bases forcefully pointing to constitutional doubt of the validity of the 1933 enactment. As we have already noted, that opinion was filed March 9, 1934. The same month the notice of expiration here involved was issued and a few days thereafter served upon the tenant McClellan. The sheriff's failure to serve other tenants was no fault of the certificate holder. The notice, together with proof of service, was filed with the auditor on May 11. So, even if we were to adopt plaintiff's theory to bring about forfeiture of defendants' rights, the requirements specified under the 1933 act were fully met. Under its provisions there is nothing said about recording the certificate in the register of deeds' office.

Plaintiff and those whom she represents have paid no taxes over a period of many years. Defendants and their assignor have by purchase of the taxes performed the duty owed the state by the owners. Yet she now insists that she may keep the land without reimbursing defendants. Courts should not aid her to accomplish this purpose unless she "can point to a valid act of the legislature which amends or repeals the provisions of the general statutes and which is clearly applicable to tax sales made before the change in the law. None of the acts to which [s]he directs our attention go so far as that." Blakeley v. L. M. Mann Land Co. 153 Minn. 415, 419, 190 N. W. 797, 799.

We conclude that 1 Mason Minn. St. 1927, §§ 2169, 2170, are not applicable to tax sales under the 1927 act; hence that the rule in the Child case, 164 Minn. 195, 204 N. W. 648, does not presently apply.

4. We think the court was right in concluding that service of the notice of expiration of redemption was insufficient because

some of the tenants occupying the premises were not served. Casserly v. Morrow, 101 Minn. 16, 111 N. W. 654, adequately covers the ground. To be sure, in that case there were two farms each occupied by a different tenant. Only one was served. The service was held inadequate. While here we have only one piece of ground (a city lot and a strip adjoining it), the fact nevertheless remains that one portion was occupied for a business purpose and the other as a dwelling house. The possession of each of the tenants "as to his own portion of the land" was "independent of and of the same dignity as that of the other." Their possession was not "trivial" but one that was "substantial and suited to an appropriate use of the property possessed." Skartum v. Koch, 174 Minn. 47, 49, 218 N. W. 446, 447. Among many other cases bearing on this phase are Wallace v. Sache, 106 Minn. 123, 118 N. W. 360, and Pomroy v. Beattie, 139 Minn. 127, 165 N. W. 960.

We conclude that the court rightly held plaintiff's title good and that she is entitled to possession. But her title and estate are subject to the rights of defendants under their tax certificate and taxes subsequently paid by them. Against this, plaintiff should be credited with the net rental income received by defendants during the time of their possession.

The judgment is reversed and cause remanded with directions to ascertain the amount of defendants' tax lien but crediting against the same the net amount received by defendants as rentals; that the judgment to be entered grant to defendants the right to enforce their tax lien, when so ascertained, against the premises.

So ordered.