JOSEPH ULLMAN, Appellant, vs. KALMON LYON, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Under *Chap. 79, Comp. Stat.*, relating to relief of insolvent debtors, a failure of proof of publication of the notice required by statute, in accordance with the order of the Judge upon the application of the insolvent, will vitiate the judgment of discharge.

*Section 24* of said act, does not include all the grounds that may be urged against the validity of judgments rendered in favor of the insolvent under it.

Whether an insolvent can plead his discharge under said act, as Plaintiff, for any purpose, *quere.*

Points and Authorities of Appellants.

The error complained of by the Appellant, Ullman, is, that

the Court below erred in excluding the judgment roll offered in evidence of the insolvency proceedings.

What the Plaintiff, Ullman, had to make out was, that a judgment had been entered up against him, in favor of the Defendant, Lion, for the claim of Lion against Ullman, and that said judgment had been satisfied. It was to prove the recovery of such judgment that the roll in the insolvency proceedings was offered in evidence.

There are several objections urged by counsel for Defendant, Lion, to this evidence, but we think it necessary to consider only such as relate to the affidavits of the publication of the order of the Court, and as to these objections we answer—

1st. That these affidavits were wholly immaterial to the case on trial, and that it was not necessary for us to prove that the order of the Court had been published as directed in the order, and these affidavits constitute no part of our evidence. To prove a judgment recovered, all that is required to be offered in evidence, is the summons, pleadings and judgment. *Subdivision 2 of Sec. 75, page 566 of Statutes.* If there had been no affidavit or other proof of the publication of the order of the Court, the other papers would have been all sufficient for our purpose.

By section 7 of the insolvency act, the Judge must require proof of the publication of the order before proceeding to hear the case, and where the case was heard, and judgment entered in pursuance of the act, and a discharge given, the presumption is that such proof was made before the Court, and when a judgment in such proceedings is pleaded, it is not competent to go back and review the proof, or the sufficiency thereof given in the proceedings.

III.—Sec. 24 of the Insolvency Act specifies and enumerates the causes and grounds which may be urged, and which shall render voidable the discharge granted to an insolvent, and the objection now urged by counsel for Lion is not there mentioned.

The Court erred in dismissing the action after ruling out the evidence offered, without affording the Plaintiff an opportunity to offer other proof, for under the Insolvent Act, sec.

23, the discharge itself was sufficient to entitle the Plaintiff, Ullman, to the judgment prayed for.

SMITH & GILMAN Counsel for Appellant.

I. V. D. HEARD, Counsel for Respondent.

*By the Court.*—ATWATER, J.—This was an action brought by the Plaintiff, Ullman, to enjoin the Defendant from proceeding to collect an execution issued upon a judgment in favor of said Defendant against the Plaintiff. The ground of the Plaintiff for the relief claimed is, that subsequent to the rendition of the judgment, and before the execution was issued, the Plaintiff had been discharged from his debts under the provisions of *chap.* 79, *Comp. Stat.*, *p.* 654, relating to re.lief of insolvent debtors.

The answer put in issue the discharge, and also set up fraud in obtaining the same. There was a reply, denying the new matter set up in the answer.

The first proceeding disclosed by the paper book furnished to the Court upon the trial of the cause is that " the Defendant objects to the introduction ot the insolvent proceedings herein," upon various grounds stated with the objection. We infer from this that the Plaintiff offered these proceedings for the purpose of proving the allegations of the complaint in regard to the discharge from his debts. It appears that the Court sustained the objection, " so far as to exclude the introduction of the judgment roll in said proceeding as evidence in this case." The appellant alleges this as one ground of error in the ruling of the Court below.

Among the grounds of objection to the introduction of these insolvent proceedings was, that " no proper proof was required of the publication of the notices directed by the Judge to be published as required by *sec.* 6 *of chap.* 79 *Comp. Stats.*" It appears that the order required notice of the application to be published in the Jefferson City *Examiner*, a newspaper published at Jefferson City, the capital of the State of Missouri, and in the St. Paul Weekly *Press*, a news-

paper published in St. Paul, Ramsey county, once in each week for ten successive weeks prior to the day of hearing.

*Sec. 7 of chap.* 79, above referred to, provides that " on the day, &c., the Judge or Court, as the case may be, shall proceed to hear the proof and allegations of the parties, and before any other proceeding be had, *shall require proof of the publication of the notice as herein directed.*" Proof of the publication of these notices is thus made an essential pre-requisite to the right or power of the Judge to proceed with the hearing of the case.

With regard to the notice published in the St. Paul Weekly *Press*, the affidavit of publication stated that the notice had been published in said paper for ten weeks, but did not show that it had been published " *once in each week* for ten *successive* weeks.*"

With regard to the notice published in the Jefferson City *Examiner*, the affidavit was not made by the printer of such paper, or by his foreman, or principal clerk, as required by *sec.* 60 *of chap.* 84 *Comp. Stats.*, nor that the notice annexed to the affidavit was taken from the paper in which it was published, nor that it was published once in each week, as required by the order. The affidavit is also defective in that no venue is stated. The date of the first publication is stated to be June 22, 1861, and the last, August 24 following, which shows only nine weeks' publication, in fact, unless the Court may assume the publication existing during the week following the 24th.

The proof was defective in regard to the publication of both these notices, either |in view of the statute regulating the same, or of the order directing the publication ; and was insufficient to authorize the Court to proceed to enter the judg ment for discharge of the insolvent upon his application. Courts have uniformly held that statutes of this nature must be strictly. construed, and a party claiming a benefit under it must show a full compliance with its provisions. In a proceeding summary in its nature, under which the rights of creditors are divested, without their consent, and where personal· service of notice of the proceedings is not required, it surely is reasonable that courts should carefully insist that

creditors have at least the notice required by statute. And the importance attached by the framers of the law to the proper publication of the required notice, is indicated by the several provisions regulating the same, and in the absolute prohibition against any proceeding in the matter by the Judge, until proof of such publication has been produced to the Court. In the case of *Kipp vs. Fullerton*, 4 *Minn.*, 473, it was held that a judgment could not be attacked collaterally, which had been rendered by a Superior Court, upon a proceeding within the scope of its general jurisdiction. In this case the jurisdiction is specially conferred by statute, and the Court expressly prohibited from exercising it, to the extent of entering a judgment until certain conditions have been complied with.

The appellant, however, urges that these affidavits were wholly immaterial to the case on trial, and that it was not necessary for him to prove that the order of the Court had been published as directed in the order, and that if there had been no affidavits or other proof of the publication of the order of the court, the other papers would have been sufficient to establish the allegations of the complaint.

Whether this proposition be correct or not in the abstract it is unnecessary to decide, since it is not applicable to this case, as presented by the papers before the Court. Whether necessary or not to make out his case, it appears that the Plaintiff did, in fact, present these affidavits in evidence, as part of the proceedings on the application of the insolvent for his discharge. The whole evidence introduced by the Plaintiff must be considered, in determining whether his discharge was properly granted. He cannot claim the benefit of such parts as may be favorable to his case, and at the same time ignore such as may be prejudicial. And if the whole evidence offered showed that the judgment of discharge was unauthorized and illegal, there was no error in excluding the judgment roll.

It is further urged that *section* 24 *of the Insolvency Act* specifies and enumerates the causes and grounds which may be urged, and which shall render voidable the discharge

granted to an insolvent, and the objection now urged by Respondent's counsel, is not there mentioned.

The causes specified in this section are those mostly relating to some fraud practiced by the applicant in the proceedings to obtain his discharge, and relate to facts extraneous to those appearing of record. To hold that a judgment of discharge could only be attacked and vitiated upon some one or more of the grounds there specified, would be to place such judg ments upon higher ground than those obtained in the ordinary course of judicial proceedings—a conclusion that can hardly obtain, whatever view may be adopted of the Insolvent Act. It will scarcely be claimed that a judgment of discharge would be valid and conclusive, where no publication whatever of the notice required by statute was made, in case the Court or Judge saw fit to render a judgment in such case; and we think the objection here made may also be urged in addition to those enumerated by the statute.

After the judgment roll was excluded, the counsel for the Defendant moved to dismiss the action, which motion was granted, and judgment ordered for the Defendant. It is urged that the Court erred in granting this motion without affording the Plaintiff an opportunity of offering other proof, as under *section 23 of the Insolvency Act*, the discharge itself was sufficient to entitle the Plaintiff to the judgment prayed for.

It is a sufficient answer to this objection that it does not appear by the record that the Plaintiff offered the discharge itself in evidence, or any other proof whatever. And so far as *sec.* 23 is concerned, it may be remarked that it does not authorize an insolvent to bring any action based upon his discharge, but only permits him to plead such discharge in his answer, in bar of any action, based upon certain grounds therein stated. Neither that section, nor any other contained in the act, authorizes the insolvent to plead his discharge for any purpose as Plaintiff; and while we deem it unnecessary here to decide this point, it may be remarked that the discharge would seem in most cases of little practical value unless this is permitted; as, in this case, executions might be issued upon judgments obtained previous to the discharge, to

the great annoyance of the debtor, and against which he would be remediless, except by action to enjoin, or motion to set aside ; though whether the latter proceeding could be entertained, it is unnecessary here to decide.

The judgment below is affirmed.'