## STEPHEN SINGER v. J. P. NOVAK AND ANOTHER.[1]

April 30, 1926.

No. 25,239.

**Adjournment of foreclosure sale by sheriff.**

1. A sheriff making a sale of real property under a decree of foreclosure, in the absence of a statute authorizing the adjournment of the sale, possesses the power, for good cause shown, in the exercise of a sound discretion subject to the control of the court over the whole matter of the sale, to adjourn the sale from time to time.

**Such sale becomes final by confirmation of report of it.**

2. After sale of real property under a decree of foreclosure, the sale does not become final until a report is made to the court and it is confirmed.

**Finding sustained that defendants are entitled to money deposited.**

3. Under the circumstances of this case, *held* that the trial court justly found that the defendants are entitled to the money deposited with the sheriff, and that a former stipulation made in open court amounted in effect to a redemption from the sale by the plaintiff.

**No collateral attack allowed on confirmation of sheriff's report.**

4. The confirmation of the sheriff's report of a sale in a real estate foreclosure proceeding has the effect of a judgment and cannot be attacked collaterally.

Mortgages, 27 Cyc. p. 1689 n. 70; p. 1690 n. 78; p. 1692 n. 88; p. 1694 n. 10; p. 1707 n. 18; p. 1709 n. 37; p. 1833 n. 68.

[1]Reported in 208 N. W. 654.

Action in the district court for Marshall county to set aside a sheriff's certificate of sale on foreclosure of mortgage by action. The case was tried before Grindeland, J., who ordered judgment in favor of defendants. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*G. Halvorson*, for appellant.

*A. N. Eckstrom*, for respondents.

QUINN, J.

Action to set aside a sheriff's certificate of sale in a proceeding to foreclose a real estate mortgage by action. The appeal is from an order denying plaintiff's alternate motion for amended findings or for a new trial.

No error is claimed in the proceedings leading up to and including the judgment of foreclosure, which was for the sum of $436.58 plus costs and disbursements. The judgment of foreclosure was entered on July 30, 1923, based upon findings of fact and conclusions of law, made and filed by the district court in and for Marshall county on July 17, 1923. A. N. Eckstrom of Warren appeared as attorney for the plaintiff and Julius J. Olson of Warren and Theo Quale of Thief River Falls appeared for the defendant.

G. S. 1923, § 9636 (G. S. 1913, § 8154), provides that, in the foreclosure of a mortgage on real estate by action, the court shall direct the sheriff to sell the property according to the provisions of law relating to the sale of real estate on execution. Such was the order in the present case. The notice of sale was dated September 10, the date of sale October 27, 1923, but the notice does not contain a description of the mortgage. It does, however, contain a description of the judgment and of the property to be sold. G. S. 1923, § 9433 (G. S. 1913, § 7938), provides that the sale of real property on execution or on a judgment shall be made upon six weeks' posted and published notice. The same section of the statute provides that the validity of the sale shall not be affected by an omission in the notice. White v. Leeds Imp. Co. 72 Minn. 352, 75 N. W. 595, 761, 71 Am. St. 488.

Appellant assails the notice because it fails to describe the mortgage sought to be foreclosed. The defect is not fatal. The notice describes the judgment which, under the provision of G. S. 1923, § 9636 (G. S. 1913, § 8154), is the authority for the officer to make the sale. The assignments of error do not point out the specific objections to the notice. The sale was under the supervision of the court. On October 25, two days before the time set for the sale, the court issued its order requiring the officer to show cause on the thirty-first day of October why the sale should not be restrained and ordered all proceedings stayed until the hearing and determination upon the order. Upon hearing, the court discharged the order to show cause.

The sheriff called the sale at the time specified therefor in the notice, at which time the plaintiff therein exhibited to the sheriff the court's order, and thereupon the officer by public announcement adjourned the sale until November 1, 1923, at a specified hour, at which time and place he again called the sale and the property was duly sold to the highest bidder under the judgment of foreclosure.

An officer, such as the sheriff of the county, making a sale of real property under a decree of foreclosure, possesses power, for good cause shown and in the exercise of a sound discretion, to adjourn the sale to a future date for the want of bidders or, as in the instant case, where the sale has been enjoined from taking place on the day mentioned in the notice, subject however to the control of the court over the whole matter of sale. Blossom v. Railroad Co. 3 Wall. (70 U. S.) 196, 18 L. ed. 43. After such a sale is made by the officer, it does not become final until a report is made to the court and it is approved and confirmed. In the foreclosure proceeding under consideration, a notice in due form was served upon the attorneys of record for the defendants therein to the effect that, on November 6, 1923, application would be presented to the judge of the district court for an order confirming the report of the sheriff's sale of the premises described in the judgment. The defendants were given an opportunity and they had the right to appear and oppose confirmation. No such appearance was made and the report was confirmed.

The plaintiff herein claimed that he was entitled to redeem from such sale, to which defendants assented. To avoid any chance of a slip in this regard, plaintiff deposited with the sheriff a sufficient sum of money for such purpose, and at the same time furnished a bond to indemnify him in accordance with the provisions of G. S. 1923, § 9445 (G. S. 1913, § 7949). At the trial, it was conceded that the statute cited applied, that the plaintiff had, in effect, redeemed from the sale and that defendant was entitled to the money in the hands of the sheriff. There followed a change of counsel and it is now contended that the statute has no application and that the plaintiff is not bound by the agreement and is now entitled to a return of the money.

Under these circumstances, the trial court justly found that the defendants are entitled to the money deposited with the sheriff, with interest thereon to date of payment, and that the sheriff pay the same to the defendants. Rambeck v. LaBree, 156 Minn. 310, 194 N. W. 643; Dun. Dig. § 6393. The confirmation of the sheriff's report of a sale in a real estate foreclosure by action has the effect of a judgment and cannot be attacked collaterally. Dun. Dig. § 6450.

Affirmed.