# STATE EX REL. STANDARD INVESTMENT COMPANY v. AL P. ERICKSON.[1]

March 9, 1934.

No. 29,752.

*Drew & Cain* and *Carroll G. Patton,* for appellant (relator below).

*Frank J. Williams,* Assistant County Attorney, for respondent.

[1] Reported in 253 N. W. 529.

*HILTON, Justice.*

*Mandamus* proceedings to require the county auditor of Hennepin county to indorse upon a certificate of tax sale, as provided in 1 Mason Minn. St. 1927, § 2149, his certificate that the real estate therein described remained unredeemed and that the period of redemption had expired. The tax certificate was issued to relator on May 15, 1928, it having purchased the property for $43.92 at the annual delinquent tax sale. The taxes so delinquent had been duly levied and assessed against one-half of a lot in a built-up portion of the city of Minneapolis for the year 1926. A demurrer was interposed to the writ on the ground and for the reason that the same did not state facts sufficient to entitle relator to the relief demanded. The court, considering L. 1933, c. 366, controlling, dismissed the writ, judgment was duly entered, and an appeal taken therefrom.

The question presented involves the constitutionality of L. 1933, c. 366. Appellant's contention is that it is violative of the state and federal constitutional provisions [Minn. Const. art. 1, § 11; U. S. Const. art. I, § 10] against impairment of the obligations of a contract. The portion of the chapter attacked is:

"Section 1. Right of redemption from any sale for delinquent taxes shall continue for a period of twelve months after proof of service, in the manner required by law, of a notice of expiration of the time within which redemption can be made, has been filed in the office of the county auditor of the county in which such sale is made."

Prior to the enactment of the above chapter the applicable law was 1 Mason Minn. St. 1927, § 2139-2, which in part provided:

"Except as hereinbefore provided, all parcels of land hereafter duly sold at the annual delinquent tax sale, whether so sold to an actual purchaser or bid in for the state as provided by law, shall at the expiration of five years from the date of such sale become and be the absolute property of the purchaser or of the state, or of his or its assigns, without the doing of any act or thing whatsoever,

without any right of redemption, and no notice of expiration of the time to redeem from any such sale shall be required."

The above provision was in effect at the time appellant purchased the property at the delinquent tax sale, and it would have become the absolute owner of the property on May 15, 1933, and entitled to the indorsement of the county auditor upon the certificate. L. 1933, c. 366, became effective April 21, 1933. Under its authority the county auditor refused to make such indorsement.

If c. 366 was enacted as an emergency measure it must, we think, on the authority of State ex rel. Lichtscheidl v. Moeller, 189 Minn. 412, 249 N. W. 330, and Blaisdell v. Home B. & L. Assn. 189 Minn. 422, 448, 249 N. W. 334, 893, 86 A. L. R. 1507 (affirmed, 290 U. S. 398, 54 S. Ct. 231, 78 L. ed. 255, 88 A. L. R. 1481), be held constitutional. In the first of those cases, L. 1933, c. 44, which authorized the sheriff to adjourn mortgage foreclosure sales for not to exceed 90 days, was held valid on the grounds that the act did not substantially diminish the value of plaintiff's mortgage or substantially or seriously retard or obstruct its enforcement, and that the act was an emergency measure under the police power of the state, justified by the critical business and financial crisis existing at the time, and enacted for the purpose of protecting home owners and promoting general welfare. In the Blaisdell case the mortgage moratorium law was involved, L. 1933, c. 339. In that case this court and the United States Supreme Court held that the state was justified under its police power to extend the time of redemption from mortgage foreclosure sales because of the existence of an economic emergency, and that the efficacy of the act would continue only as long as the emergency existed. In both the above cases this court took judicial notice of the economic crisis existing, and we do likewise in the instant case.

It is contended that L. 1933, c. 366, is not emergency legislation because the legislature did not in it expressly so declare and because the act does not expressly indicate, by limitation as to time or otherwise, that it was a temporary enactment to continue in effect only during the existence of the emergency.

In the mortgage moratorium law, L. 1933, c. 339, which became effective three days prior to L. 1933, c. 366, the legislature did expressly declare it to be emergency legislation and recited facts therein showing that an emergency did exist. Several other emergency relief measures were passed at the same session, all of which in some manner sought to provide relief to debtors, particularly where the debt was a lien upon real estate. The fact that the legislature did not expressly refer to the existing emergency in c. 366 should not, under the circumstances shown, affect the situation. The relief it affords is similar in effect to the relief contemplated in c. 339 (mortgage moratorium act) ; c. 44 (authorizing the sheriff to adjourn mortgage foreclosure sales) ; c. 422 ("an emergency act providing for the suspension of the cancelation of real estate contracts or contracts for deed"). We conclude that the act is an emergency measure.

Under the law as existing now, appellant has, as it had before the passage of c. 366, the right to acquire the property described in the certificate if no redemption is made; if redemption is made it will receive the money paid by it with 12 per cent interest, 1 Mason Minn. St. 1927, § 2152(3). If the certificate proves to be invalid for reasons other than those excepted in 1 Mason Minn. St. 1927, § 2148, it is entitled to the lien of the state and may foreclose the lien and collect out of the property the amount paid by it with interest thereon at the rate of 12 per cent, and under 1 Mason Minn. St. 1927, §§ 2177, 2178, and 2179, it is entitled to refundment with seven per cent interest. Its investment is as secure and valuable as before the passage of c. 366, except that its right to title and possession is delayed for 12 months after service of the required notice, and the possibility that redemption may be made within that time. As above noted, if redemption is made, it is entitled to a liberal return on the money invested. Although the 1933 law we are here considering does not provide for the payment to the tax certificate holder a reasonable part of the income or rental value of the property, as is the mortgagee in the mortgage moratorium law, the statutory provisions above referred to guarantee to the certificate holder a security of his investment and an interest in-

come therefrom in lieu of the land under certain contingencies; a guarantee not given to a mortgagee. In this case it does not appear that L. 1933, c. 366, substantially lessens the value of appellant's contract or substantially or seriously obstructs or retards the enforcement of its rights. True, the remedy available under the act requires the doing of something not before necessary, but it does provide for a substantial remedy. That remedy is substantially equivalent in coercive force to that provided by the former law; in fact, it is of equal force; it merely, as to this appellant, extends the time within which it may enforce it. The requirement of giving a notice is not, under the circumstances, an unreasonable one. We think the act is valid as a reasonable control by the state of a remedy to enforce a contract. See State ex rel. Lichtscheidl v. Moeller, 189 Minn. 412, 249 N. W. 330, and authorities therein cited. In any event, we hold the act to be a valid exercise of the police power of the state as an emergency measure, and hence constitutional.

Affirmed.

*LORING, Justice* (concurring specially).

I concur in the result as to the taxes here involved.